IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABLE HOME HEALTH, LLC <br> on behalf of plaintiff and <br> the class members defined herein, <br><br> Plaintiff, <br><br> v. <br><br> AIR1 WIRELESS, INC., <br> AIR1 WIRELESS HOLDINGS, LLC, <br> NEXTEL RETAIL STORES, LLC, doing <br> business as SPRINT, SPRINT <br> COMMUNICATIONS COMPANY, LP and <br> JOHN DOES 1-10, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 14 C 2942 <br><br><br> Judge Der-Yeghiayan <br> Magistrate Judge Cole |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL**

Plaintiff Able Home Health, LLC respectfully requests that this Court: (i) preliminarily certify a class for settlement purposes; (ii) grant preliminary approval of the Settlement Agreement attached hereto as <u>Appendix A</u>; and (iii) appoint Able Home Health, LLC as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as class counsel. In support of this motion, Plaintiff states as follows:

1. Plaintiff filed the above-captioned lawsuit against defendants, Air1 Wireless, Inc. and Air1 Wireless Holdings, LLC (collectively, the "Air1 Wireless Defendants"), and Nextel Retail Stores, LLC doing business as Sprint, and Sprint Communications Company, LP (collectively the "Sprint Defendants"), alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 and the common laws of conversion, private nuisance, and trespass to chattels by sending unsolicited facsimile advertisements to Plaintiffs and others that did not contain an opt

1

out notice in the form required by 47 U.S.C. § 227.

2. Counsel for Plaintiffs and Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

3. Based upon this review and analysis, and after attending a settlement conference presided over by Magistrate Judge Cole, Plaintiff and Defendants entered into the Settlement Agreement, attached hereto as <u>Appendix A</u>.[1]

4. The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Settlement Agreement, including, without limitation, the following:

    a. <u>Class Certification</u>. The parties agree to the certification of a class, for settlement purposes only, consisting of:

> All persons with fax numbers who during the Class Period (on or after April 24, 2010 through and including April 24, 2014) were sent faxes by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227.

The Air1 Wireless Defendants represent that, based on a review of their records, during the Class Period they successfully sent approximately 165 facsimiles promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services to approximately 155 unique facsimile numbers. The Air1 Wireless Defendants will provide to Settlement Class Counsel or the Class Administrator a list of the facsimile number to which those transmissions were sent, and the number of transmissions sent to each number based upon its records (the "Fax List"). Settlement

---

[1] All capitalized terms not otherwise defined herein are defined in accordance with the definitions set forth in the Settlement Agreement.

Class Members were sent between 1 and 4 facsimile advertisements.

        5.    <u>Settlement Recovery</u>. Defendants shall collectively fund the creation of a $52,000.00 Settlement Fund in accordance with the terms set forth in Paragraph 5 of the Settlement Agreement (hereinafter "the Settlement Fund"). The Settlement Fund will be distributed as follows:

        a.    Reasonable costs of notice and administration will be paid from the Settlement Fund up to a maximum of $3,000.

        b.    Plaintiff's counsel's attorney's fees must be approved by the Court. Plaintiff's counsel shall submit a request for attorney's fees in an amount not to exceed 1/3 of the Net Settlement Fund (Settlement Fund less Notice and Administrative Expenses). The attorney's fees sought will be $16,333.33 (Settlement Fund of $52,000, less notice and administrative expenses of $3,000 x 1/3 = $16,333.33).

        c.    Plaintiff's incentive award must be approved by the Court. Plaintiff Able Home Health, LLC shall request an incentive award of $3,000 for its services as Class Representative. This amount shall be in addition to any amount plaintiff may recover as a Settlement Class Member. Similar incentive awards have been approved in this District in other TCPA fax cases. <u>Able Home Health, LLC and Dr. G. Neil Garrett DDS, PC v. Globe Med.-Surgical Supply Co.</u>, 12 C 5608 (N.D. Ill.)(*Dkt. No. 90*) ($5,000.00 and $10,000.00 incentive awards to named plaintiffs); <u>Gress v. Chiropractors Buying Group, Inc.</u>, 10 C 3421 (N.D. Ill.) (*Dkt. No. 84*) ($5,000 incentive award to plaintiff); <u>Bearing Brokers, Inc. v. Gaddis, Inc.</u>, 10 C 5500 (N.D. Ill.) (*Dkt. No. 104*) ($4,500.00 incentive award to plaintiff).

        d.    Each Settlement Class Member who submits a valid claim form will receive a check for their pro rata share of the Settlement Fund, after the deductions

described in subparagraphs (a)-(c) are approved by the Court. Each Settlement Class Member may recover a maximum of $500 per facsimile transmission.

      e.    All settlement checks shall be void 60 days from the date of issuance and shall so state on the check. Any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to a *cy pres* recipient, selected by the parties and approved by the Court.

      6.    <u>Class Notice</u>. The Settlement Agreement provides for notice by facsimile. Several courts both within and outside this District have approved the sending of notice by facsimile in TCPA class action settlements. *See e.g.*, <u>C.E. Design, Ltd. v. King Supply Co., LLC</u>, 09 C 2057, 2012 WL 2976909 (N.D. Ill. July 20, 2012); <u>Wood Dale Chiropractic, Ltd. v. DrFirst.com, Inc.</u>, 12 C 780 (N.D. Ill.)(*Dkt. No. 73*)(fax and publication notice); <u>Able Home Health, LLC and Dr. G. Neil Garrett DDS, PC v. Globe Medical-Surgical Supply Co.</u>, 12 C 5608 (N.D. Ill.) (*Dkt No. 90*)(fax notice); <u>Dr. William P. Gress v. Northwood, Inc.</u>, 12 C 7278 (N.D. Ill.)(*Dkt. No. 38*)(fax and mail notice); <u>Able Home Health, LLC v. Healthy Advice Communications, Inc.</u>, 12 C 3019 (N.D. Ill.)(*Dkt. No. 60*)(fax and mail notice); <u>Richard Wade Architects, P.C. v. Engineering Services and Products Company</u>, 11 C 9251 (N.D. Ill.)(*Dkt. No. 58*)(fax notice); <u>City Select Auto Sales, Inc. v. David Randall Associates, Inc.</u>, 11-2658 (JBS/KMW), 2014 WL 413533 (D.N.J. Feb. 3, 2014). <u>Vandervort v. Balboa Capital Corp.</u>, SACV 11–1578–JLS (JPRx), 2014 WL 1274049 (C.D. Cal. March 27, 2014); <u>A & L Industries, Inc. v. P. Cipollini, Inc.</u>, 12-07598, 2014 WL 906180, at *1 (D.N.J. March 7, 2014)(rejecting arguments that notice had to be served in accordance with Rule 5(b); "Rule 23(c) should supersede because Rule 23(c) addresses class notice specifically, whereas Rule 5 addresses service generally..."). See <u>MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co., Ltd.</u>, 08 C

2593, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008) (Court allowed service of summons and complaint to Chinese defendants by email and fax); Fed. R. Civ. P. 4 Commentary provides that a waiver of service may be sent by fax.

The Settlement Agreement provides that within 5 days after entry of the Preliminary Approval Order, the Air1 Wireless Defendants' counsel shall provide the Fax List to Settlement Class Counsel and/or the Class Administrator. Within 35 days after entry of the Preliminary Approval Order, the Class Administrator shall cause Notice (Exhibit 1 to the Settlement Agreement) and a Claim Form (Exhibit 2 to the Settlement Agreement) to be sent to the facsimile numbers identified on the Fax List. A supplemental notice by fax and/or U.S. Mail (if addresses are ascertainable) will be sent within 21 days of the date that the first Notice is sent to those who have not responded to the notice. Settlement Class Members shall have at least 60 days after the first date on which Notice is sent to submit a Claim Form, request exclusion from the Settlement Agreement, or object to the Settlement Agreement.

Class Counsel will also post the Notice in the form of Exhibit 1 to the Agreement, excluding a Claim Form, and the Settlement Agreement (excluding exhibits) on their firm's website.

The Class Administrator may create a website which allows for electronic submission of Claim Forms. Any website created by the Class Administrator may also post the Class Notice (Exhibit 1), Claim Form (Exhibit 2), Preliminary Approval Order and Settlement Agreement (excluding exhibits). In addition to online claims submission, the Class Administrator will also accept Claim Forms by U.S. Mail and fax.

7. Class Members' Right to Opt Out. Any member of the Settlement Class may seek to be excluded from the Settlement Agreement and the releases therein by opting out of

the Settlement Class within the time period set by this Court. Any member who opts out of the Settlement Class shall not be bound by any prior Court order or the terms of the Settlement Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement. Class members will have at least 60 days after the first date on which Notice is sent to opt out of the Settlement Agreement.

8. <u>Claim Form</u>. In order to receive the consideration provided under the Settlement Agreement, each Settlement Class Member must timely return a Claim Form which will be provided with the Notice sent via facsimile. The Class Administrator shall provide Settlement Class Members with the option to return a claim form by U.S. Mail, fax, or through a dedicated website. After the deadline for the receipt of claim forms expires, the Class Administrator will determine the number of valid Claim Forms received and the number of corresponding transmissions for each claimant.

9. <u>Class Members' Right to Object</u>. Any Settlement Class Member may object to the Settlement Agreement by filing with the Court and mailing to Class Counsel and counsel for Defendants a written objection within the time period set by this Court. Any member who objects to the Settlement Agreement may appear and be heard at the final approval hearing. Class Members will have at least 60 days after the first date on which actual Notice is sent to object to the Settlement Agreement.

10. <u>If Settlement Agreement Terminated or Not Approved</u>. Prior to the Effective Date, as that date is defined in the Settlement Agreement, if the Settlement Agreement is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) any order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class

shall be automatically vacated upon notice to the Court of this Settlement Agreement's termination or disapproval; (b) this Litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither the Settlement Agreement, nor any of its exhibits , nor any other associated settlement document may be used in seeking class certification; and (c) Defendant reserves all procedural and substantive rights as of the date of execution of the Settlement Agreement.

11. Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defenses of the representative parties are typical of the claims defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated below, each of the requirements for certification of the Settlement Class is met.

a. <u>Rule 23(a)(1) -- Numerosity</u>. Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is

about 10-40. Kulins v. Malco, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); Swanson v. American Consumer Industries, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

In the present case, the Air1 Wireless Defendants provided to Settlement Class Counsel a list of the transmission records for which it has records to which the facsimiles promoting the Sprint Defendants' or Air1 Wireless Defendants' goods or services were sent. According to the Air1 Wireless Defendants' records, there were 165 faxes sent to 155 unique fax numbers, which meets the proposed Settlement Class definition. This plainly satisfies the numerosity requirement.

        b.      Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common Questions of Law or Fact Predominate. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law or fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. Blackie v. Barrack, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. McClendon v. Continental Group, Inc., 113 F.R.D. 39, 43-44 (D.N.J. 1986); Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987); Spicer v.

8

Chicago Board Options Exchange, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); Alexander Grant & Co. v. McAlister, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill 1988).

Here, there are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

(1) Whether Defendants are engaged in a pattern of sending unsolicited facsimile advertisements;

(2) Whether Defendants sent, or caused to be sent, the facsimiles at issue;

(3) Whether Defendants thereby violated the TCPA;

(4) Whether Defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

(5) Whether Defendants thereby converted the property of Plaintiffs and other Settlement Class Members.

(6) The manner in which Defendants compiled or obtained their list of facsimile numbers.

The Settlement Class is defined in terms of all persons with fax numbers who during the Class Period (on or after April 24, 2010 through and including April 24, 2014), were sent faxes by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227.

Several courts have certified class actions under the TCPA. Holtzman v. Turza,

08 C 2014, 2009 WL 3334909 (N.D. Ill., Oct. 14, 2009), *aff'd in relevant part*, 728 F.3d 682 (7th Cir. 2013); CE Design Ltd. v. Cy's Crabhouse North, Inc., 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Targin Sign Sys. v. Preferred Chiropractic Ctr., Ltd., 679 F.Supp. 2d 894 (N.D. Ill 2010); Garrett v. Ragle Dental Lab, Inc., 10 C 1315, 2010 WL 4074379 (N.D. Ill. Oct. 12, 2010); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Transportation Institute v. Promo Dart, Inc., No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 246 F.R.D. 642 (W.D. Wash. 2007); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Airz. (App.) 94, 50 P.3d 844 (2002); Critchfield Physical Therapy v. Taranto Group, Inc., 293 Kan. 285, 263 P.3d 767 (2011); Karen S. Little, LLC v. Drury Inns, Inc., 306 S.W.3d 577 (Mo. App. 2010).

    c. <u>Rule 23(a)(3) – Typicality</u>. Rule 23 requires that the claims of the named Plaintiffs be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely Van Camp, Inc.*,* 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

    In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same practice as the named Plaintiff, namely they are persons with fax numbers who during the Class Period, were sent faxes by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless

Defendants' goods or services for sale and which do not contain an opt out notice as described in 47 U.S.C. § 227.

    d. <u>Rule 23(a)(4) -- Adequacy of Representation</u>. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. <u>Rosario v. Livaditis</u>, 963 F.2d 1013, 1018 (7th Cir. 1992).

    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Edelman, Combs, Latturner & Goodwin, LLC's qualifications are set forth in <u>Appendix B</u>. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

    e. <u>Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." <u>Brady v. LAC, Inc.</u>, 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

    The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as**

11

> **here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

12. There are a total of 165 facsimile transmissions sent to the Settlement Class Members. The total theoretical liability based on the number of fax transmissions in this case is $82,500 (165 * $500.00 = $82,500.00) for a non-willful violation.

13. Prior to conducting the settlement conference before Magistrate Judge Cole, plaintiff obtained informal discovery from the Air1 Wireless Defendants. Schulte v. Fifth Third Bank, 805 F.Supp.2d 560 (N.D. Ill. 2011)(the pertinent inquiry is not whether formal discovery has occurred but rather what facts and information have been provided). Plaintiff's counsel also examined the Air1 Wireless Defendants' insurance policies and financial records. The Air1 Defendants' financial documents showed that if a judgment was entered at the theoretical liability listed above, they may have difficulties sustaining their business. Because

the defendant's ability to pay was a factor in the parties' settlement negotiations, the Air1 Wireless Defendants are willing to produce the financial information provided to Plaintiff's Counsel for the court to review in camera upon request.

14. The Air1 Wireless Defendants operate Sprint stores that sell services provided by the Sprint Defendants. The informal discovery revealed that an employee of the Air1 Wireless Defendants manually sent the faxes from his personal fax machine and designed the content of the facsimiles sent. The Sprint Defendants contend that they expressly prohibited the Air1 Wireless Defendants from sending facsimile advertisements.

The Sprint Defendants filed a motion to dismiss, which was stricken without prejudice and with leave to re-file. Plaintiff's complaint alleged that the Sprint Defendants were vicariously liable for the actions of the Air1 Wireless Defendants. The Sprint Defendants' argued that they cannot be held vicariously liable for the faxes sent by the Air1 Wireless Defendants. Bridgeview Health Care Ctr. Ltd. v. Clark, 09 C 5601, 2013 WL 4495221, at *3, n.3 (N.D. Ill. Aug. 21, 2013)("[I]f the principal authorizes the agent to send a single fax advertisement, and the agent proceeded to send one million fax advertisements, holding the principal liable for every fax advertisement on the basis of the action of the agent *alone* would be manifestly unjust. Requiring *some* action of the principal is a necessary limit on vicarious liability in the apparent agency context.")(emphasis in original); Creative Montessori Learning Ctr. v. Ashford Gear, LLC, 09 C 3963, 2014 WL 865963, at *4 (N.D. Ill. March 3, 2014)("Plaintiff could not act with apparent authority if it never had any authority to act. And there is a genuine dispute as to whether defendant ever authorized B2B to start the faxing process."). But see, Savanna Grp., Inc. v. Trynex, Inc., 10 C 7995, 2013 WL 4734004, at *5 ("a seller may be liable for the acts of another . . . if it ratifies those acts by knowingly accepting

13

their benefits")(internal citations omitted); <u>Jamison v. First Credit Servs., Inc.</u>, 290 F.R.D. 92, 97 (N.D. Ill. 2013).

Accordingly, Plaintiff's counsel negotiated with both Defendants to devise a comprehensive settlement that confers the maximum possible economic relief to all settlement class members.

15. The strength of the claims asserted in this matter must be considered in light of the strengths of the defenses of the Sprint Defendants and the Air1 Wireless Defendants ability to pay. Counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, plaintiffs respectfully request that this Court enter an order in the form of <u>Exhibit 3</u> to the Settlement Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) appoints Able Home Health, LLC as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as class counsel; (iii) directs the faxing of the Class Notice and a Claim Form in the form of <u>Exhibits 1-2</u> to the Settlement Agreement, and (iv) sets dates for submission of Claim Forms, opt-outs, appearances and objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

<u>s/ Heather Kolbus</u>
Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
*Counsel for Plaintiff Able Home Health, LLC*

**CERTIFICATE OF SERVICE**

  I, Heather Kolbus, hereby certify that on April 1, 2015, I caused the foregoing document to be filed via the Court's CM/ECF system, which will send electronic notification to the following parties:

  Chris D. Rouskey (rouskey-baldacci@sbcglobal.net)
  Jeffrey C. Baldacci (rouskey-baldacci@sbcglobal.net)
  Robert J. Welz (rouskey-baldacci@sbcglobal.net)
  Rouskey and Baldacci
  151 Springfield Avenue
  Joliet, IL 60435

  Tammy L. Adkins (tadkins@mcguirewoods.com)
  Kathleen C. Ori (kori@mcguirewoods.com)
  McGuire Woods LLP
  77 W. Wacker Drive, Suite 4100
  Chicago, IL 60601

  Lauri A. Mazzuchetti (lmazzuchetti@kelleydrye.com)
  Michael A. Innes (minnes@kelleydrye.com)
  Kelley Drye & Warren LLP
  200 Kimball Drive
  Parsippany, NJ 07054


            s/ Heather Kolbus
            Heather Kolbus


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)