# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABLE HOME HEALTH, LLC | ) | |
| on behalf of plaintiff and | ) | |
| the class members defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 2942 |
| | ) | |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| AIR1 WIRELESS, INC., | ) | Magistrate Judge Cole |
| AIR1 WIRELESS HOLDINGS, LLC, | ) | |
| NEXTEL RETAIL STORES, LLC, doing | ) | |
| business as SPRINT, SPRINT | ) | |
| COMMUNICATIONS COMPANY, LP and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement"), including its attached Exhibits, is entered into by and among plaintiff Able Home Health, LLC s, on behalf of it and on behalf of each of the Settlement Class Members, and defendants Air1 Wireless, Inc. and Air1 Wireless Holdings, LLC, Nextel Retail Stores, LLC doing business as Sprint, and Sprint Communications Company, LP, on behalf of themselves, and their affiliates, including all Released Parties. Capitalized terms used herein are defined in Section 3 herein or indicated in parenthesis elsewhere in the Settlement Agreement. This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims pursuant to the terms and conditions of the Settlement Agreement, subject to the approval of the Court.

## RECITALS AND DEFINITIONS

1.    <u>Parties</u>.  Defendants Air1 Wireless, Inc. and Air1 Wireless Holdings, LLC (collectively the "Air1 Wireless Defendants"), Nextel Retail Stores, LLC doing business as Sprint, and Sprint Communications Company, LP (collectively, the "Sprint Defendants") and Plaintiff Able Home Health, LLC ("Plaintiff") individually and as representative of the settlement class defined below (the "Settlement Class"), enter into this Settlement Agreement.

2.    <u>Nature of Litigation</u>.  On April 24, 2014, Plaintiff filed a class action complaint captioned <u>*Able Home Health, LLC v. Air1 Wireless, Inc., et al.,*</u> Case No. 14 C 2942 in the United States District Court for the Northern District of Illinois (the "Litigation" or "Complaint").  Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and committed common law torts (conversion, private nuisance, trespass to chattels) by transmitting unsolicited facsimile advertisements that did not contain an opt out notice in the form required by 47 U.S.C. § 227.

3.    <u>Definitions</u>

a.    "Class Administrator" means KCC Class Action Services, LLC.

b.    "Claim Form" means the online web form interface or written claim form substantially in the form of <u>Exhibit 2</u> to this Agreement, by which a Settlement Class Member may submit a Claim to the Class Administrator.

c.    "Class Period" means the period on or after April 24, 2010 through and including April 24, 2014.

d.    "Defendants" means the Air1 Wireless Defendants and the Sprint Defendants.

e.     "Final Approval Order" means the order, substantially in the form of Exhibit 4 attached hereto, in which the Court grants final approval of this Settlement Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Litigation with prejudice.  The form of the Final Approval Order, attached as Exhibit 4 hereto, is a material term of this Settlement Agreement.

f.     "Notice" means the notices substantially in the form of Exhibit 1 and as set forth in Paragraph 15 of this Settlement Agreement.

g.     "Plaintiff" means Able Home Health, LLC and its heirs, successors and assigns.

h.     "Preliminary Approval Order" means the order, substantially in the form of Exhibit 3 attached hereto, in which the Court grants its preliminary approval to this Settlement Agreement and preliminarily certifies the Settlement Class, authorizes dissemination of Notice to the Settlement Class, and appoints the Class Administrator.  The form of the Preliminary Approval Order, attached as Exhibit 3 hereto, is a material term of this Settlement Agreement.

i.     "Released Claims" means any and all actions, causes of action, claims, demands, liabilities, obligations, damage claims, restitution claims, injunction claims, declaratory relief claims, fees, costs, sanctions, proceedings and/or rights of any nature and description whatsoever, whether legal or equitable, including, without limitation, violations of any state or federal statutes and laws, rules or regulations, or principles of

3

common law, whether liquidated or unliquidated, known or unknown, in law, equity, arbitration, or otherwise, whether or not concealed or hidden, that in any way relate to, in whole or in part, or arise out of, any of the allegations, claims, and/or theories raised in or that could have been raised in the Litigation by Plaintiff and the Settlement Class Members.  Released Claims further means any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff and Settlement Class Members now have, did have, or may have in the future against the Released Parties, or any of them, under any legal theory, arising from or in any way relating to the faxes sent during the Class Period by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227.  This includes, but is not limited to, all claims that were asserted or could have been asserted in the Litigation, including TCPA claims, other federal claims and any state law claims.

j.     "Released Parties" means, the Air1 Wireless Defendants and the Sprint Defendants and their respective parents, subsidiaries, affiliates, predecessors and successors in interest, and all of those entities' past and current officers, directors, shareholders, partners, members, employees, agents and insurers, in such capacities as they relate to the claims that are the subject of the Litigation.  The Parties expressly agree that all of these

4

persons and entities that are not parties to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement.

k.      "Request for Exclusion" means a valid Request for Exclusion from a member of the Settlement Class. To be valid, a Request for Exclusion must include the requirements set forth in Paragraph 18 of this Settlement Agreement.

l.      "Settlement Class" means a class defined as follows: All persons with fax numbers who during the Class Period (on or after April 24, 2010 through April 24, 2014) were sent faxes by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227.

m.      "Settlement Class Counsel" means Edelman, Combs, Latturner, & Goodwin LLC and its attorneys.

n.      "Settlement Class Member(s)" means Plaintiff and any member of the Settlement Class who is not excluded from the Settlement Class pursuant to the terms of this Settlement Agreement.

4.      <u>Denial of Liability</u>. Defendants deny violating the TCPA and any other federal or state law, deny any liability to Plaintiff and the Settlement Class, deny all material allegations contained in the Complaint, and deny that Plaintiff and putative class are entitled to any relief. Defendants do not consent to certification of the Settlement Class for any purpose other than to effectuate this settlement of the Litigation. The Sprint Defendants deny that they are liable for any of the alleged conduct of the Air1 Wireless Defendants. Defendants are

5

entering into this Settlement Agreement solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all Released Claims.

5.      Plaintiff's Desire to Settle.   Settlement Class Counsel believe that the claims asserted in the Litigation have merit, but that the settlement, described below, is in the best interests of the Settlement Class. Settlement Class Counsel have evaluated information made available in the course of the Litigation and settlement negotiations and have taken into account the risks and uncertainties of proceeding with the Litigation. Those risks include the uncertainty of prevailing on the merits, proving substantial damages at trial, and prevailing on post-trial motions and likely appeals.  Based upon their consideration of these factors, and on the substantial time and expense that will be incurred, Settlement Class Counsel believe it is in the best interests of the Settlement Class to settle the Litigation and the Released Claims on the terms described below.

6.      Investigation.   Settlement Class Counsel has investigated the facts and the applicable law.  Based on this investigation, and upon an analysis of the substantial benefits afforded by this Settlement Agreement,  Settlement Class Counsel considers it to be in the best interest of the Settlement Class to enter into this Settlement Agreement.

## **TERMS**

1.      Incorporation of Recitals and Definitions.  The recitals and definitions set forth above are incorporated into this Settlement Agreement.

2.      Effective Date.   This Settlement Agreement shall become effective (hereinafter the "Effective Date") upon the expiration of fifteen (15) business days from the date upon which the Final Approval Order becomes final, which shall be (a) the date on which any and all appeals of the Final Approval Order are resolved in a manner that upholds the Final Approval Order, or (b) if no appeal of the Final Approval Order is filed, the expiration of fifteen

(15) business days after the last date by which an appeal of the Final Approval Order could have been commenced. If there is an appeal from the Final Approval Order, Plaintiff's and Defendants' obligations under this Settlement Agreement, including, without limitation, payments to Settlement Class Members and payment of any award of attorneys' fees, costs, and expenses shall not commence unless and until all appellate proceedings are fully and finally resolved in a manner that upholds the Final Approval Order and this Settlement Agreement becomes effective.

3.     Certification of Settlement Class.  Solely for the purposes of settlement, the parties stipulate to the certification of the Settlement Class.  Plaintiff shall be appointed class representative and Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC shall be appointed Settlement Class Counsel.  The Settlement Class shall be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Defendants do not consent to certification of the Settlement Class for any purpose other than to effectuate this settlement of the Litigation.  If this Settlement Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) any order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Settlement Agreement's termination or disapproval; (b) the Litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendants reserve all procedural or substantive rights as of the date of execution of this Settlement Agreement.

4.     The Air1 Wireless Defendants represent that, based on a review of their records, during the Class Period they successfully sent approximately 165 facsimiles promoting the Sprint Defendants' or Air1 Wireless Defendants' goods or services to approximately 155 unique facsimile numbers. The Air1 Wireless Defendants will provide to Settlement Class Counsel or the Class Administrator a list of the facsimile numbers to which those transmissions were sent, and the number of transmissions sent to each number based upon its records (the "Fax List"). Settlement Class Members were sent between 1 and 4 facsimile advertisements. Defendants will also provide addresses of the Settlement Class Members, if reasonably ascertainable.

5.     <u>Relief to Plaintiff and the Settlement Class</u>. The following relief shall be provided to Plaintiff and the Settlement Class, subject to the Court's approval:

a.     Defendants shall collectively fund the creation of a $52,000.00 Settlement Fund (the "Settlement Fund") which shall be distributed as set forth below;

b.     all Notice and administration expenses will be paid from the Settlement Fund. Reasonable Notice and administration expenses up to a maximum of $3,000.00 will be advanced by the Air1 Wireless Defendants to Settlement Class Counsel or the Class Administrator within ten (10) business days after entry of the Preliminary Approval Order, and Defendants shall be given a credit on the payment of the Settlement Fund in an amount equal to the amount advanced by the Air1 Wireless Defendants;

c.    three (3) business days prior to the Final Approval Hearing, Defendants shall collectively fund the remainder of the Settlement Fund in the amount of $49,000.00, which shall consist of a $47,000.00 contribution from the Air1 Wireless Defendants and a $2,000.00 contribution from the Sprint Defendants. Under no circumstances shall the Sprint Defendants be liable for any contribution to the Settlement Fund above $2,000.00. Under no circumstances shall the Air1 Wireless Defendants be liable for any contribution to the Settlement Fund above $50,000.00.

d.    Defendants shall within 3 business days prior to the Final Approval Hearing, transfer to their respective counsel to be held in their respective firms' client trust accounts for the benefit of the Settlement Class, the Settlement Fund of $52,000.00 less any amounts advanced for notice and administrative expenses. On the Effective Date, Defendants' counsel shall issue a check to Settlement Class Counsel.

e.    within fourteen (14) days following the Effective Date, $3,000.00 shall be paid from the Settlement Fund to Plaintiff as an incentive award in recognition of its services as Class Representative;

f.    Settlement Class Counsel shall request 1/3 of the Net Settlement Fund (Settlement Fund less Notice and Administrative Expenses) for attorney's fees and costs; and

g.    each Settlement Class Member who submits a valid claim form will receive a check for its pro rata share of the Settlement Fund, after the amounts set forth in subsections (b), (e), (f) and any award of costs are

paid. Each facsimile transmission received by a Settlement Class Member is the equivalent of one settlement share and a Settlement Class Member may have one or multiple settlement shares depending on the number of faxes the member received. The value of a settlement share shall be calculated by subtracting from the Settlement Fund the amounts paid to Plaintiff pursuant to subsection (e) of this paragraph, to Settlement Class Counsel pursuant to subsection (f), and for Notice and administration expenses pursuant to subsection (b) and then dividing the remaining balance in the Settlement Fund by the number of settlement shares on the valid claims submitted. In no event, however, may the value of a settlement share be greater than $500 per facsimile transmission. Any amounts in the Settlement Fund in excess of $500 per facsimile transmission shall be considered Undistributed Settlement Funds pursuant to Paragraph 10 of this Settlement Agreement. Each Settlement Class Member's individual pro rata share shall be determined by adding that member's settlement shares together.

6.     Any award of attorney's fees and costs and any incentive award to Plaintiff will be distributed within fourteen (14) days following the Effective Date. Within ninety (90) days following the Effective Date, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund in accordance with Paragraphs 5, 9, and 10 of this Settlement Agreement, unless this deadline is extended pursuant to Paragraph 16 of this Settlement Agreement. In the event that (i) the Settlement Agreement is terminated pursuant to its terms; (ii) Defendants withdraw from the Settlement Agreement; (iii) the Settlement

10

Agreement does not become effective; or (iv) the Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then Plaintiff's Counsel or the Class Administrator shall return $52,000.00, less any reasonable costs not exceeding $3,000.00, that were incurred by Settlement Class Counsel to issue Notice to the Class Members of the Settlement Agreement, to counsel of record for Defendants, within three business days of that event.

7.      After entry of the Preliminary Approval Order, Settlement Class Members shall have at least sixty (60) days after the date on which Notice of the proposed settlement is sent to the Settlement Class to submit a claim, request exclusion from the Settlement Class or object to the Settlement Agreement.

8.      Costs associated with Notice, claims administration and distribution of settlement checks shall be paid from the Settlement Fund.

9.      Checks issued to Settlement Class Members for payment of claims under this Settlement Agreement will be void after sixty (60) days from the date of issuance.  Any Settlement Class Member who does not negotiate the settlement check issued to them within sixty (60) days of the date of issuance agrees that they rescind and withdraw their claim for monetary compensation under this Settlement Agreement, but remain a member of the Settlement Class and are bound by the terms of the Settlement Agreement.

10.      <u>Undistributed Settlement Funds</u>.  Within thirty (30) days after the last void date of all settlement checks issued to Settlement Class Members, the Settlement Class Administrator will report to the Parties if there are any uncashed checks or unclaimed or undistributed amounts remaining in the Settlement Fund.  Any such unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under this Settlement

Agreement have been made shall be distributed to a *cy pres* recipient, selected by the Parties and approved by the Court.

11. Release. If the Settlement is approved by the Court, Settlement Class Members who have not filed a valid and timely Request for Exclusion shall be forever barred from asserting the Released Claims against the Released Parties.

12. This Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the Released Claims. Without admitting that California law or the laws of any other state apply to this Settlement Agreement or that the release provided by Plaintiff and the Settlement Class is a general release, the Parties agree that upon the Effective Date, the Settlement Class shall be deemed to have waived the provisions and benefits of California Civil Code §1542 (or any like or similar statute or common law doctrine), which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or settlement with the debtor. Further, Plaintiff and the Settlement Class Members expressly waive any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

13. If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

14.    Attorneys' Fees, Notice Costs and Related Matters.    Settlement Class Counsel or the Class Administrator will administer the Settlement Fund for the benefit of the Settlement Class and will pay the reasonable costs of Notice and settlement administration out of the Settlement Fund.  Settlement Class Counsel must seek approval from the Court to withdraw from the Settlement Fund any amount greater than $3,000.00 for costs related to Notice and administration.  Settlement Class Counsel will not request any fees or costs from Defendants or the Settlement Class other than as set forth in this Settlement Agreement.  Defendants agree not to oppose an award of fees to Settlement Class Counsel of no more than one third  of the Net Settlement Fund.  Defendants agree not to oppose payment from the Settlement Fund of reasonable expenses incurred in sending Notice to the Settlement Class and in administering the Settlement Fund pursuant to the terms of this Settlement Agreement.

15.    Notice.  Within five (5) days after entry of the Preliminary Approval Order, the Air1 Wireless Defendants' counsel shall provide to Settlement Class Counsel and/or the Class Administrator the Fax List in MS Word or Excel format.  Within thirty-five (35) days after entry of the Preliminary Approval Order, the Class Administrator shall cause actual Notice in the form of Exhibit 1 and a Claim Form in the form of Exhibit 2, to be sent to the facsimile numbers identified on the Fax List.  Settlement Class Members shall have at least sixty (60) days after this first date on which actual Notice is sent to the facsimile numbers identified on the Fax List to submit a Claim Form, request exclusion from the Settlement Agreement, or object to the Settlement Agreement.  The Class Administrator shall make at least two attempts to transmit the Notice by facsimile to those numbers where the initial transmission fails.

Within twenty-one (21) days after the date that the Notice was first sent by facsimile, the Class Administrator may send the Notice and Claim Form either by facsimile and/or U.S. Mail

(if addresses are ascertainable) to each Settlement Class Member identified on the Fax List who did not submit a Claim Form or otherwise respond to the Notice by that date. In the event Notice is sent by facsimile, the Class Administrator shall make at least two attempts to transmit the Notice by facsimile to those numbers where the initial transmission fails. In the event Notice is sent by U.S. Mail to addresses provided by the Air1 Wireless Defendants, the addresses shall be run through a NCOA database prior to being mailed. The postage rate selected for the mailing of the Notice shall provide for notification of forwarding addresses. If the Notices are returned by the Postal Service as undeliverable, Settlement Class Counsel or the Class Administrator may undertake further reasonable efforts to locate that person or entity to re-send the Notice to that Settlement Class Member. If the Notice is returned by the Postal Service with a forwarding address or other error that can be ascertained and corrected, then Settlement Class Counsel or the Class Administrator shall re-send the Notice by first class mail to that new address within five (5) days.

Settlement Class Counsel will also post the Notice in the form of Exhibit 1, excluding the Claim Form, and this Settlement Agreement (excluding exhibits), on their firm's website. Settlement Class Counsel or the Class Administrator shall provide a copy of the Notice and Claim Form to any Settlement Class Member who contacts either of them and requests a copy of the Notice or Claim Form.

The Class Administrator may create a website which allows for electronic submission of Claim Forms. Any website created by the Class Administrator may also post the Notice, Claim Form, Preliminary Approval Order, and Settlement Agreement (excluding exhibits).

Settlement Class Counsel and/or the Class Administrator shall retain all documents and records generated during the administration of the settlement, including records of Notice given

14

to Settlement Class Members, confirmations of transmittals of such notices by facsimile, unconfirmed facsimile transmissions, records of undelivered mail, claim forms, and payment to Settlement Class Members, for a period of one year following the Effective Date. Settlement Class Counsel or the Class Administrator shall provide Defendants' counsel with copies of any such documents to inspect, upon reasonable request by counsel for Defendants. The Fax List and all other documents and records generated during the administration of the settlement shall be used for purposes consistent with Notice and administration of this Settlement Agreement and for no other purpose.

16.     <u>Claim Validation</u>. The Class Administrator shall match the fax number provided by the Settlement Class Member on a returned Claim Form to a fax number on the Fax List. If the fax number does not match, then Settlement Class Counsel or the Class Administrator shall follow-up with the Settlement Class Member and inquire if they employed other fax numbers during the Class Period (to ascertain if any different fax number is a number on the Fax List), in an effort to determine whether the claim is a valid claim.

If the fax number or fax numbers provided on a Claim Form do not match the list, and the follow-up with the Settlement Class Member has not resolved the issue, Settlement Class Counsel or the Class Administrator shall disallow the claim. If a claim is deemed disallowed by the Class Administrator, the Class Administrator must communicate that disallowance of the claim to Settlement Class Counsel and allow Settlement Class Counsel an opportunity to investigate the basis for disallowing the claim. Settlement Class Counsel shall advise Defendants' counsel of all claim disallowances. In the event the Parties disagree as to the validity of any Claim Form or whether to disallow a claim, then Settlement Class Counsel will present the disputed claim to the Court for resolution.

Settlement Class Members submitting a valid Claim Form pursuant to the fax and/or mail Notice shall be paid a pro rata share of the Settlement Fund in accordance with the terms of Paragraph 5.g. of the Terms Section of this Settlement Agreement. Settlement Class Members may submit Claim Forms for more than one fax number and more than one settlement share.

If a Settlement Class Member is entitled to receive more than $599.99 as its total pro rata share, then such Settlement Class Member will be required to submit a W-9 form. The W-9 forms will be issued to Settlement Class Members as required after entry of the Final Approval Order and before any settlement checks are issued. Settlement Class Members will have thirty (30) days to respond to a request to complete a W-9 form. Submission of a W-9 form is a condition precedent to receiving a settlement check in excess of $599.99. If W-9 forms need to be collected, certain dates set forth in Paragraphs 6, 9, and 10 are reset and calculated as follows: within thirty (30) days following the expiration of time for class members to complete a W-9 form, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims in accordance with Paragraph 16; settlement checks to the Settlement Class Members will be void sixty (60) days from date of issuance; and within thirty (30) days following the void date on the Settlement Class Members' checks, any uncashed checks or unclaimed or undistributed funds, the disposition of which will be determined by the Court, will be distributed to a *cy pres* recipient pursuant as set forth in Paragraph 10 of this Settlement Agreement. A Settlement Class Member who is entitled to receive more than $599.99 and fails to submit a completed and valid W-9 form with the Claim Form, shall be deemed to have waived their claim to recover more than $599.99 and the maximum amount such Settlement Class Member may recover is $599.99. Any amounts remaining in the Settlement Fund as a result of those who did not submit a W-9 form, will be

added back into the Settlement Fund and reallocated to the Settlement Class Members pro rata up to a maximum of $500 per fax transmission.

17.     Right to Object.     Any Settlement Class Member may object to this Settlement Agreement.  The deadline to object shall be set by the Court in the Preliminary Approval Order and the Parties shall propose that it be at least sixty (60) days after the entry of the Preliminary Approval Order.  Any Settlement Class Member may object to the Settlement Agreement by filing their objection with the Court and mailing a copy of the objection to Plaintiff's counsel and Defendants' counsel.  Any objection must include: (a) the name, address, and facsimile phone number of the person(s) or entity objecting to the Settlement Agreement; (b) a statement of the objection to the Settlement Agreement; (c) an explanation of the legal and factual basis for the objection; and (d) documentation, if any, to support the objection.  Objecting Settlement Class Members may also appear and be heard at the hearing held by the Court to consider final approval of this Settlement Agreement, personally or through counsel, at their own expense.

18.     Right of Exclusion.  All Settlement Class Members who properly file a timely written Request for Exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Settlement Class Members pursuant to this Settlement Agreement.  A Request for Exclusion must be in writing and state the name, address, and facsimile phone number (to which a fax was sent) of the person(s) or entity seeking exclusion.  Each Request for Exclusion must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation."  The request must be mailed or faxed to Settlement Class Counsel or the Class Administrator at the address or fax number provided in the Notice and postmarked or received

17

by Settlement Class Counsel or the Class Administrator on or before the deadline for Requests for Exclusion set by the Court. Settlement Class Counsel shall provide copies of all Requests for Exclusion to counsel for the Defendants. A Request for Exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Settlement Class Counsel or the Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a Settlement Class Member and shall be bound by the terms of this Settlement Agreement, if approved. Settlement Class Members shall have at least sixty (60) days from the date of entry of the Preliminary Approval Order to submit Requests for Exclusion.

19. <u>Preliminary Approval</u>. As soon as practicable after execution of this Settlement Agreement, Settlement Class Counsel shall file a Motion for Preliminary Approval of this Settlement Agreement and shall present such motion to the Court requesting the entry of a Preliminary Approval Order substantially in the form of <u>Exhibit 3</u> or in such other form as is mutually acceptable to the Parties. The Preliminary Approval Order shall include provisions: (a) preliminarily certifying the Settlement Class for settlement purposes only; (b) preliminarily approving the Settlement Agreement and finding this Settlement Agreement sufficiently fair, reasonable and adequate to allow Notice to be disseminated to the Settlement Class; (c) approving the form, content, and manner of the Notice; and (d) setting a schedule for proceedings with respect to final approval of this Settlement Agreement.

20. <u>Final Approval</u>. Settlement Class Counsel shall file a memorandum in support of final approval of this Settlement Agreement, which shall include Settlement Class Counsel's request for an award of attorney's fees and costs, prior to the date the Court sets for the final approval hearing. The Parties shall request that the Court enter a Final Approval Order

substantially in the form of Exhibit 4, or in another form which is mutually acceptable to the Parties. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") within ten (10) days after the Motion for Preliminary Approval is filed, Defendants' counsel shall provide notice of the proposed settlement to the Attorney General of the United States and the attorneys general of every State in which Settlement Class Members reside, including the information required by 28 U.S.C. § 1715(b). The Final Approval Order shall not be entered until the expiration of at least ninety (90) days from the latest date on which such notice is provided. Entry of a Final Approval Order substantially in the form of Exhibit 4 or in another form which is mutually acceptable to the Parties is a condition precedent to this Settlement Agreement becoming effective. In the event a Final Approval Order substantially in the form of Exhibit 4 or in another form which is mutually acceptable to the Parties is not entered then this Settlement Agreement shall be null and void and is rescinded.

21.     The fact that the Court may require non-substantive changes to documents attached as Exhibits 1 through 4 shall not invalidate this Settlement Agreement.

22.     Release of Attorneys' Lien.   In consideration of this Settlement Agreement, Settlement Class Counsel hereby waives, discharges and releases the Released Parties of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Litigation.

23.     Delivery of Settlement Fund.  Defendants or persons acting on their behalf shall within three (3) business days prior to the date of the Final Approval Hearing and pursuant to the terms set forth in Paragraph 5(c) of this Settlement Agreement, transfer to their respective counsel, to be held in their firms' client trust account for the benefit of the Settlement class, the Settlement Fund of $52,000.00 (less any amounts advanced for notice and administrative

expenses). Defendants' counsel shall notify Settlement Class Counsel in writing on or before the date of the Final Approval Hearing that the Settlement Fund (less any costs advanced) has been deposited in the Client Trust Accounts of Defendants' Counsel. On the Effective Date, Defendants' Counsel shall issue a check or wire the Settlement Fund to the Client Trust Account of Settlement Class Counsel and Settlement Class Counsel agrees to hold such funds in trust for the benefit of the Settlement class and shall not disburse any funds from the Settlement Fund unless in accordance with this Agreement or as ordered by the Court. Settlement Class Counsel is to provide Defendants' Counsel with wire instructions upon request for said transfer upon entry of the Final Approval Order.

24.     <u>Applicable Law</u>. This Settlement Agreement shall be governed by and interpreted in accordance with the internal laws of the State of Illinois.

25.     <u>Miscellaneous Provisions</u>. The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein. Whether or not this Settlement Agreement and the settlement contemplated hereunder are consummated, this Settlement Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever.

26.     <u>Benefit of this Settlement Agreement</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Released Parties and Settlement Class Members, and each of their respective successors and personal representatives, predecessors, affiliates, heirs, executors and assigns. It is expressly understood by the Parties

that all Released Parties who are not parties to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement.

27.    <u>Authority</u>.  The Parties hereby represent to one another that they have full power and authority to enter into this Settlement Agreement and carry out their obligations.

28.    <u>Right to Set Aside Settlement Agreement</u>.  Defendants shall have the right, but not the obligation, to terminate or withdraw from this Settlement Agreement, if more than 40 Settlement Class Members submit non-duplicative, timely and valid requests for exclusion from the Settlement Class or if there is an objection to the Settlement by either a federal or state government agency or official.  Defendants must timely exercise their right to rescind the Settlement Agreement by filing a Notice of Termination with the Clerk of the Court within 7 days prior to the entry of a Final Approval Order by the Court.

29.    <u>Entire Agreement</u>.  Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Settlement Agreement are merged into and with this Settlement Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof.  This Settlement Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Settlement Agreement and may not be amended, modified or changed orally.

30.    <u>Counterparts</u>.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument.  Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

31.     Headings.  The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.


**PLAINTIFF:**                                 **DEFENDANTS:**

Able Home Health, LLC                          Air1 Wireless, Inc.


By: _____                      By: _____




Its: _ADMINISTRATOR_____                     Its: _____


                                               Air1 Wireless Holdings, LLC


                                               By: _____


                                               Its: _____

31.   Headings.  The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

**PLAINTIFF:**

Able Home Health, LLC

By: _____

Its: _____

**DEFENDANTS:**

Air1 Wireless, Inc.

By: _____

Its: _____ *CEO* _____

Air1 Wireless Holdings, LLC

By: _____

Its: _____ *MANAGING PARTNER* _____

Nextel Retail Stores, LLC

By: _____

Its: _____

Sprint Communications Company, LP

By: _____

Its: _____

_____
Daniel A. Edelman
James O. Latturner
Heather Kolbus
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
 (312) 739-4200
Counsel for Plaintiff and the Class

_____
Chris D. Rouskey
Jeffrey C. Baldacci
ROUSKEY AND BALDACCI
151 Springfield Avenue
Joliet, IL 60435
(815) 741-2118
Counsel for Defendants Air1 Wireless, Inc.,
 and Air1 Wireless Holdings, LLC

_____
Tammy L. Adkins
MCGUIRE WOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 849-8100
Counsel for Defendants
Nextel Retail Stores, LLC, and

23

Nextel Retail Stores, LLC

By: _____

Its: _____

Sprint Communications Company, LP

By: _____

Its: _____

_____
Daniel A. Edelman
James O. Latturner
Heather Kolbus
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
Counsel for Plaintiff and the Class

*Chris S. Rouskey*

Chris D. Rouskey
Jeffrey C. Baldacci
ROUSKEY AND BALDACCI
151 Springfield Avenue
Joliet, IL 60435
(815) 741-2118
Counsel for Defendants Air1 Wireless, Inc.,
  and Air1 Wireless Holdings, LLC

_____
Tammy L. Adkins
MCGUIRE WOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 849-8100
Counsel for Defendants
Nextel Retail Stores, LLC, and

23

Nextel Retail Stores, LLC

By: _____

Its: _____Regional Manager_____

Sprint Communications Company, LP

By: _____

Its: _____Regional Manager_____

Daniel A. Edelman
James O. Latturner
Heather Kolbus
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
Counsel for Plaintiff and the Class

Chris D. Rouskey
Jeffrey C. Baldacci
ROUSKEY AND BALDACCI
151 Springfield Avenue
Joliet, IL 60435
(815) 741-2118
Counsel for Defendants Air1 Wireless, Inc.,
  and Air1 Wireless Holdings, LLC

_____
Tammy L. Adkins
MCGUIRE WOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 849-8100
Counsel for Defendants
Nextel Retail Stores, LLC, and

23

# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
***ABLE HOME HEALTH, LLC v. AIR1 WIRELESS, INC., AIR1 WIRELESS HOLDINGS, LLC,***
***NEXTEL RETAIL STORES, LLC and SPRINT COMMUNICATIONS COMPANY, LP, 14 C 2942***

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*THIS IS **NOT** A SOLICITATION.*
*THE SENDING OF THIS NOTICE BY FACSIMILE HAS BEEN PRELIMINARILY APPROVED BY THE COURT.*
**PLEASE READ THIS NOTICE CAREFULLY.**
**IF YOU WISH TO BE PAID BENEFITS UNDER THIS SETTLEMENT, SUBMIT A CLAIM FORM BY DATE, 2015.**

**To All Members of the Following Class:**

All persons with fax numbers who during the Class Period (April 24, 2010 through and including April 24, 2014), were sent facsimiles by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227.

**I.      WHY IS THIS NOTICE BEING SENT?**

You received this Notice because the records of Air1 Wireless, Inc. and Air1 Wireless Holdings, LLC (collectively, the "Air1 Wireless Defendants") show that you were sent one or more facsimiles that promoted the goods or services of Nextel Retail Stores, LLC and Sprint Communications Company, LP (collectively, the "Sprint Defendants") or the Air1 Wireless Defendants. As a result of this lawsuit you may be eligible to receive a pro rata share or shares of a Settlement Fund under a proposed settlement of a class action lawsuit if you submit a Claim Form by **DATE, 2015**. The lawsuit is pending in federal court in Chicago, Illinois. The hearing to approve the settlement will be held on **DATE, 2015 at TIME a.m.** before Judge Der-Yeghiayan, Courtroom 1903 of the U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.

**II.     SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS**

**(1) Submit a Claim Form:** This is the only way to get a cash payment. The deadline to submit a claim is DATE, 2015. Settlement Class Members who submit valid claims may expect to recover up to $500 per facsimile transmission. Each facsimile transmission is the equivalent of one settlement share. See Sections IV and V.

**(2) Exclude Yourself:** Get no payment. This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case. The deadline to exclude yourself and "opt out" of the settlement is DATE, 2015. See Section VII.

**(3) Object:** Write to the Court about why you don't like the settlement or any part of it. The deadline to object is DATE, 2015. See Section VIII.

**(4) Go to a Hearing:** Ask to speak in Court about the fairness of the settlement. The final approval hearing is scheduled for DATE, 2015 at TIME. See Section I.

**(5) Do Nothing:** Get no payment. Give up rights. See Section VI.

These rights and options—**and the deadlines to exercise them**—are explained further in this Notice.

**III.    WHAT IS THE LAWSUIT ABOUT?**

Plaintiff Able Home Health, LLC ("Plaintiff") sued the Air1 Wireless Defendants and the Sprint Defendants alleging that it received an unsolicited facsimile advertisement and that the sending of that fax and others like it violated a federal law called the federal Telephone Consumer Protection Act, the Illinois Consumer Fraud Act and the Illinois common laws of conversion, private nuisance, and trespass to chattels. Plaintiff sought to represent a class of persons to whom the Air1 Wireless Defendants allegedly sent unsolicited facsimile advertisements promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale. The Air1 Wireless Defendants

and the Sprint Defendants deny these allegations but have agreed to settle to avoid the costs and uncertainties of litigation.

**IV.     WHAT IS THE PROPOSED SETTLEMENT?**

Under the proposed settlement, the Air1 Wireless Defendants and the Sprint Defendants have agreed to pay a Settlement Fund in the amount of $52,000. If the Settlement is approved by the Court, the Settlement Fund will cover an award to Plaintiff ($3,000, in addition to its recovery as a class member), attorney's fees (in the amount not to exceed of $16,333.33), and costs of notice and administration (not to exceed $3,000). After these amounts are deducted, each Settlement Class Member who submits a valid claim by **DATE, 2015** will receive an equal share of the remaining funds based on the number of facsimile transmission each Settlement Class Member was sent (a "Settlement Share"). Your Settlement Share depends on how many Settlement Class Members submit claim forms and how many fax transmissions each Settlement Class Member was sent but cannot exceed $500 per fax. This notice is being sent to approximately 155 persons or entities. These 155 persons or entities were collectively sent a total of approximately 165 fax transmissions. Settlement Class Members were sent between 1 and 4 facsimile advertisements. Most facsimile Settlement Class Members were sent 1 fax. The recovery to the Settlement Class Members is estimated and is subject to change based on court approval.

**V.      HOW DO I GET A PAYMENT?**

If you are part of the class described above, in order to receive a monetary award under the Settlement Agreement, you must complete and submit the claim form to [settlement administrator] using your unique username and password, or via mail or fax to the Class Administrator, **settlement administrator, address, city, state or [XXX-XXX-XXXX] (FAX)**. Claim forms must be submitted online, faxed or postmarked by **DATE, 2015**. If your payment exceeds $599.99, you will be asked to submit a W-9 form in order to receive your payment.

**VI.     WHAT AM I GIVING UP?**

If the settlement becomes final, you will be releasing the Air1 Wireless Defendants and the Sprint Defendants from any claims arising from or in any way relating to facsimiles sent on or after April 24, 2010 through and including April 24, 2014 by or on behalf of the Air1 Wireless Defendants promoting the Air1 Wireless Defendants' or the Sprint Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227. This release is more fully explained in paragraph 11 of the Settlement Agreement. The Settlement Agreement is available at the Clerk's Office during regular business hours, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, and is also posted on [settlement administrator's website] and on www.edcombs.com. You will need to reference case number 14 C 2942.

**VII.    EXCLUDING YOURSELF FROM THE SETTLEMENT**

You will be a member of the Settlement Class unless you exclude yourself from the Settlement Class. You need not take any action to remain in the Settlement Class but you need to submit a Claim Form by **DATE, 2015** to be eligible to receive a payment.

If you want to keep the right to sue the Air1 Wireless Defendants or the Sprint Defendants over any of the legal issues that were raised or could have been raised in this case by any members of the Settlement Class, then you must take steps to get out of the settlement. This is called asking to be excluded from – or sometimes called "opting out" of – the

class. To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the proposed settlement class in *Able Home Health, LLC v. Air1 Wireless, Inc., Air1 Wireless Holdings, LLC, Nextel Retail Stores, LLC, and Sprint Communications Company, LP*, 14 C 2942. Be sure to include your name, address, the number for the facsimile machine on which you were sent a fax advertisement and your signature by **DATE, 2015**. Send the letter to **Class Counsel at the address or fax number provided in paragraph IX or the Class Administrator at the address or fax number provided in paragraph V.** If you opt out, you will not receive any payment from the Settlement Fund, you cannot object to the Settlement and you will not be bound by anything that happens in this lawsuit.

**VIII.    OBJECTING TO THE SETTLEMENT.**

Either on your own or through an attorney you hire, you can tell the Court that you don't agree with the settlement or some part of it. You must explain why you think the Court should not approve the settlement. Any objection must include your name, address, the telephone number for the facsimile machine on which you were sent the fax advertisement(s), a statement of your objection to the Settlement Agreement, and an explanation of the legal and factual reasons you object to the settlement and documentation, if any, to support your objection, by **DATE, 2015**. The Court may only consider any objections submitted or filed **DATE, 2015**.

Objecting is simply telling the Court that you don't like something about the Settlement. You can object ONLY if you stay in the class. If you exclude yourself, you can't object. Any objections or appearances may be filed with the Court and reference case number 14 C 2942 and mailed to **Class Counsel at the address provided in paragraph IX and Air1 Wireless Defendants' Counsel at the following address: Chris Rouskey, ROUSKEY AND BALDACCI, 151 Springfield Avenue, Joliet, IL 60435, and the Sprint Defendants' Counsel at the following address Tammy Adkins, MCGUIRE WOODS LLP, 77 W. Wacker Drive, Suite 4100, Chicago, IL 60601.**

**IX.    WHO REPRESENTS THE CLASS?**

The Court has appointed the following law firm to represent you and other members of the Settlement Class in this lawsuit:

**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC (29591)**
20 S. Clark St., Suite 1500
Chicago, IL 60603
(312) 739-4200    (312) 419-0379 (FAX)  www.edcombs.com

This firm represents your interests in this lawsuit. You may contact them with any questions that you have about the lawsuit or the Settlement. You do not have to pay the fees of Class Counsel. You may also hire your own attorney at your own cost to appear on your behalf.

**X.    CAN I GET MORE INFORMATION?**

This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in case number 14 C 2942, at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604. The Settlement Agreement (excluding exhibits) is also available on [settlement administrator's website] and on www.edcombs.com. If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at the address and phone number listed above. **DO NOT CONTACT THE COURT OR DEFENDANTS FOR INFORMATION.**

BY ORDER OF THE U.S. DISTRICT COURT, N.D. Ill.

# EXHIBIT 2

## CLAIM FORM

### *ABLE HOME HEALTH, LLC v. AIR1 WIRELESS, INC., AIR1 WIRELESS HOLDINGS, LLC, NEXTEL RETAIL STORES, LLC, and SPRINT COMMUNICATIONS COMPANY, LP, 14 C 2942 (N.D. Ill.)*

**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM FORM MUST BE SUBMITTED ONLINE USING YOUR UNIQUE USER ID AND PASSWORD OR FAXED OR POSTMARKED ON OR BEFORE <u>DATE, 2015</u> TO THE FOLLOWING:**

**SETTLEMENT ADMINISTRATOR**
**ADDRESS**
**CITY, STATE ZIP CODE**
**XXX-XXX-XXXX (FAX)**

Please print or type the following information:

NAME OF PERSON OR ENTITYWITH FAX NUMBER(S):

_____

CURRENT MAILING ADDRESS:

ADDRESS: _____

CITY/STATE: _____

ZIP CODE: _____

FAX NUMBER: _____

By submitting this Claim Form, I am verifying that I was sent faxes by or on behalf of the Air1Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale on or after April 24, 2010 through and including April 24, 2014.

_____
Signature

**IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS ON FILE WITH THE CLASS ADMINISTRATOR.  IF PAYMENT TO A CLASS MEMBER EXCEEDS $599.99, YOU WILL BE ASKED TO SUBMIT A W-9 FORM IN ORDER TO RECEIVE YOUR PAYMENT.**

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABLE HOME HEALTH, LLC | ) | |
| on behalf of plaintiff and | ) | |
| the class members defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 2942 |
| | ) | |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| AIR1 WIRELESS, INC., | ) | Magistrate Judge Cole |
| AIR1 WIRELESS HOLDINGS, LLC, | ) | |
| NEXTEL RETAIL STORES, LLC, doing | ) | |
| business as SPRINT, SPRINT | ) | |
| COMMUNICATIONS COMPANY, LP and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Able Home Health, LLC ("Plaintiff") for Preliminary Approval of Class Action Settlement (the "Motion"), which seeks preliminary approval of a class settlement with Defendants Air1 Wireless, Inc., Air1 Wireless Holdings, LLC (collectively, the "Air1 Wireless Defendants"), Nextel Retail Stores, LLC, and Sprint Communications Company, LP (collectively, the "Sprint Defendants")[1] and of the proposed form and manner of notice to the class, came on for hearing on DATE, 2015.

Having considered the Motion, the signed Settlement Agreement between the Parties (the "Settlement Agreement") attached as <u>Appendix A</u> to the Motion, all other evidence submitted concerning the Motion, and being duly advised in the premises, this Court specifically finds that:

---

[1] "Defendants" means the Air1 Wireless Defendants and the Sprint Defendants.

(a)　　On April 24, 2014, Plaintiff filed its class action complaint, captioned *Able Home Health, LLC v. Air1 Wireless, Inc., et al.*, Case No. 14 C 2942, in the United States District Court for the Northern District of Illinois (the "Litigation"). Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and committed common law torts of conversion, private nuisance, and trespass to chattels by transmitting unsolicited facsimile advertisements that did not contain compliant opt out notices.

(b)　　The Defendants deny violating the TCPA and any other federal or state law and deny any liability to Plaintiff or any other person or entity.  Defendants desire to settle the Litigation solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff or any other person or entity now have, did have, or may have in the future against any of the Defendants or any related person or entity, under any legal theory, including TCPA claims, other federal claims and any state law claims, arising from or in any way relating to the faxes sent on or after April 24, 2010 through and including April 24, 2014, by or on behalf of the Air1 Wireless  Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227.

(c)　　The Air1 Wireless Defendants represented that, based on a review of their records, during the Class Period they successfully sent approximately 165 facsimiles promoting the Sprint Defendants' or Air1 Wireless Defendants' goods or services to approximately 155 unique facsimile numbers (the "Fax List").  Settlement Class Members were sent  between 1 and 4 facsimile advertisements.

2

(d)     Plaintiff, individually and on behalf of a class, desires to settle its claims against Defendants, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of the substantial amount to be paid pursuant to the settlement negotiated by the Parties and the likelihood that further litigation will be protracted and expensive.

(e)     The settlement memorialized in the Settlement Agreement (the "Class Action Settlement") has been negotiated in good faith and at arm's length between the Parties and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the class as defined in the Settlement Agreement[2] (the "Settlement Class").

(f)     The plan for notice of the proposed Class Action Settlement as provided for in the Settlement Agreement fully complies with the requirements of Federal Rule of Civil Procedure ("Rule") 23 (c)(2)(B) and (e)(1) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the Class Action Settlement.

(g)     For settlement purposes only, this Court also finds that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiff's claims are typical of the claims of the Settlement Class, (iv) Plaintiff meets the requirements to represent the Settlement Class pursuant to Rule 23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC meet the requirements to be appointed class counsel pursuant to Rule 23(g), (vi) a class action is the

---

[2] Any capitalized term(s) not otherwise defined in this Order Granting Motion for Preliminary Approval of Settlement are defined in accordance with the definitions in the Settlement Agreement.

superior method for the fair and efficient adjudication of this controversy, and (vii) the members

of the Settlement Class will receive the best notice of the Class Action Settlement practicable

pursuant to Rule 23 (c)(2)(B) and (e)(1) if notice is provided in the manner described in the

Settlement Agreement and as specifically ordered below.

### IT IS THEREFORE ORDERED THAT:

1.     This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement

Class, and the claims asserted in the Litigation.

2.     The Class Action Settlement as memorialized in the Settlement Agreement has

been negotiated in good faith and at arm's length and is preliminarily determined to be fair,

reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal,

practical and procedural considerations raised by the Litigation.

3.     Solely for the purposes of settlement, pursuant to Federal Rule of Civil Procedure

23(b)(3), the following Settlement Class is hereby preliminarily certified:

> All persons with fax numbers who during the Class Period (on or
> after April 24, 2010 through and including April 24, 2014), were
> sent faxes by or on behalf of the Air1 Wireless Defendants
> promoting the Sprint Defendants' or the Air1 Wireless Defendants'
> goods or services for sale and which did not contain an opt out
> notice as described in 47 U.S.C. § 227.

4.     The Settlement Class is preliminarily certified for no purpose other than to

effectuate the Class Action Settlement as specifically memorialized in the Settlement Agreement.

If the Settlement Agreement is terminated pursuant to its terms or for any other reason, or is

disapproved in a final order by this Court or any court of competent jurisdiction, then (a) this

Order Granting Motion for Preliminary Approval of Settlement (the "Preliminary Approval

Order") and all preliminary and/or final findings herein or stipulations of the Parties regarding

certification of the Settlement Class shall be automatically vacated upon notice to this Court of

the Settlement Agreement's termination or disapproval; (b) the above-captioned litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither the Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendants shall be deemed to have reserved all procedural and/or substantive rights as of the date of execution of the Settlement Agreement.

5.      Pursuant to Rule 23(a)(4), the Court preliminarily designates Plaintiff Able Home Health, LLC as the class representative of the Settlement Class (the "Class Representative").

6.      Pursuant to Rule 23(g), the Court preliminarily appoints the following lawyers as class counsel: Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603 (together, "Settlement Class Counsel").

7.      The class administrator shall be KCC Class Action Services, LLC, 75 Rowland Way, Suite 250, Novato, CA 94945 (the "Class Administrator").

8.      By no later than ten (10) business days after entry of this Preliminary Approval Order, the Air1 Wireless Defendants shall advance $3,000 for notice and administration expenses to Settlement Class Counsel or the Class Administrator.  Defendants shall be given a credit on the payment of the Settlement Fund in an amount equal to the amount advanced.

9.      Settlement Class Counsel must seek approval from the Court to obtain any amount greater than $3,000 to pay notice and administration expenses.  Any costs paid by the Air1 Wireless Defendants for notice and administrative expenses shall not be included in any request by Settlement Class Counsel for reimbursement at final approval of the Class Action Settlement.

5

10.     Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms; (b) the Settlement Agreement is not approved by this Court or otherwise does not become effective; or (c) any order of this Court finally approving the Class Action Settlement is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then Settlement Class Counsel or the Class Administrator shall return all funds, less costs not exceeding $3,000 actually incurred for notice and administration, to counsel of record for Defendants as allocated in paragraph 5 of the Settlement Agreement within three (3) business days of that event.  Until the Effective Date, no payments or distributions may be made from the Settlement Fund other than for class notice and administration expenditures, unless approved by this Court.

11.     Within five (5) days after entry of this Order, the Air1 Wireless Defendants' counsel shall provide to Settlement Class Counsel and/or the Class Administrator the Fax List, which includes a list of the facsimile numbers to which transmissions were sent, and the number of transmissions sent to each fax number, and any ascertainable addresses of the Settlement Class Members    in MS Word or Excel format.  The Fax List shall be used for purposes consistent with notice and administration of the Class Action Settlement and for no other purpose.

12.     As specifically set forth in the Settlement Agreement, the notice to the Settlement Class shall give notice of the Settlement Agreement, its terms, the right to request exclusion, the right to object to the Class Action Settlement and the right to submit a claim.  The Settlement Agreement's plan for notice is the best class notice practicable under the circumstances and satisfies the requirements of due process and Rule 23.  That notice plan is hereby approved and adopted.

13.     The form of notice that the Class Administrator shall provide is attached to the Settlement Agreement as <u>Exhibit 1</u> (the "Notice"), and a Claim Form in the form of <u>Exhibit 2</u> that the Class Administrator shall provide to all Class Members.  Settlement Class Counsel is ordered to cause the Class Administrator to send the Notice and Claim Form to each member of the Settlement Class in the manner specified in the Settlement Agreement, with the initial Notice to be sent by no later than thirty-five (35) days after entry of this Preliminary Approval Order. Settlement Class Counsel shall also post the Notice and a copy of the Settlement Agreement (excluding exhibits), on [www.edcombs.com](www.edcombs.com).   Within twenty-one (21) days after the date that the Notice was first sent by facsimile, the Class Administrator shall send the Notice and Claim Form either by facsimile and/or U.S. Mail (if addresses are ascertainable) to each Settlement Class Member identified on the Fax List who did not submit a Claim Form or otherwise respond to the Notice by that date.

14.     To effectuate the Class Action Settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Forms:

(a)     Claim Forms shall be returned by members of the Settlement Class to Settlement Class Counsel or the Class Administrator online, by fax, or by mail postmarked on or before DATE, 2015.  Members of the Settlement Class shall have at least sixty (60) days after the first date on which Notice is sent to submit claims.  Claims not submitted by this date shall be barred.

(b)     Objections of any member(s) of the Settlement Class, all briefs and/or other materials filed by any member(s) of the Settlement Class in support of objections, and/or any appearance of an attorney on behalf of any member(s) of the Settlement Class may be filed

in this Court and served by mail postmarked to Settlement Class Counsel and counsel for each Defendant on or before DATE, 2015. Each objection must include: (i) the name, address, and facsimile phone number of the person(s) or entity objecting to the Settlement Agreement; (ii) a statement of the objection to the Settlement Agreement; (iii) an explanation of the legal and factual basis for the objection; and (iv) documentation, if any, to support the objection. Members of the Settlement Class shall have at least sixty (60) days after the first date on which Notice is sent to submit any objections to the Settlement.

(c)     A request by any member of the Settlement Class for exclusion from the Class Action Settlement must be in writing and state the name, address, and facsimile phone number (to which a facsimile was sent during the Class Period) of the person(s) or entity seeking exclusion. Each request for exclusion must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." The request must be mailed or faxed to Settlement Class Counsel or the Class Administrator at the address or facsimile number provided in the Notice and postmarked or received by Settlement Class Counsel or the Class Administrator on or before DATE, 2015. Settlement Class Counsel shall provide copies of all requests for exclusion to counsel for the Defendants. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Settlement Class Counsel or the Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a member of the Settlement Class and shall be bound by the terms of the Settlement Agreement, if finally approved by the Court. Members of the Settlement Class shall have at least sixty (60) days after the first date on which Notice is sent to submit requests for exclusion.

15.     By DATE, 2015, Settlement Class Counsel shall file with the Court a list of the individual members of the Settlement Class requesting exclusion from the Settlement Class.

16.     Defendants shall have the right, but not the obligation, to terminate the Settlement Agreement if more than 40 members of the Settlement Class submit non-duplicative, timely and valid requests for exclusion from the Settlement Class.  Defendants must timely exercise their right to terminate the Settlement Agreement by filing a Notice of Termination with the Clerk of the Court within 7 days prior to the entry of any order of this Court granting final approval of the Class Action Settlement.

17.     Settlement Class Counsel or the Class Administrator shall file an affidavit regarding completion of notice to the Settlement class by DATE, 2015.

18.     Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), by no later than DATE, 2015.  No order finally approving the Class Action Settlement memorialized in the Settlement Agreement shall be entered until the expiration of at least ninety (90) days from the latest date on which such notice is provided.

19.     Any responses to objections filed by members of the Settlement Class shall be filed with the Court by no later than DATE, 2015.  There shall be no replies from objectors.

20.     The final hearing to determine whether the Class Action Settlement memorialized in the Settlement Agreement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on DATE, 2015, at TIME a.m.

21.     Settlement Class Counsel shall file a memorandum in support of final approval of the Class Action Settlement memorialized in the Settlement Agreement on DATE, 2015. Settlement Class Counsel shall file a petition for attorney's fees on DATE, 2015.

22.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

23.     Defendants or persons acting on their behalf shall within three (3) business days prior to the date of the Final Approval Hearing and pursuant to the terms set forth in paragraph 5 (c) of the Settlement Agreement, transfer to their respective counsel, to be held in their firms' client trust accounts for the benefit of the Settlement Class, the Settlement Fund of $52,000.00 (less any amounts advanced for notice and administrative expenses).  Defendants' counsel shall notify Settlement Class Counsel in writing on or before the date of the Final Approval Hearing that the Settlement Fund (less any costs advanced) has been deposited in the Client Trust Accounts of Defendants' Counsel.


ENTER:

Dated: _____                    _____
                                                  United States District Judge

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABLE HOME HEALTH, LLC | ) | |
| on behalf of plaintiff and | ) | |
| the class members defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 2942 |
| | ) | |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| AIR1 WIRELESS, INC., | ) | Magistrate Judge Cole |
| AIR1 WIRELESS HOLDINGS, LLC, | ) | |
| NEXTEL RETAIL STORES, LLC, doing | ) | |
| business as SPRINT, SPRINT | ) | |
| COMMUNICATIONS COMPANY, LP and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER FINALLY APPROVING SETTLEMENT

On [DATE], 2014, this Court entered an order preliminarily approving the class action settlement (the "Preliminary Approval Order," Dkt. No. __) between Plaintiff Able Home Health, LLC on its own behalf and on behalf of the Settlement Class (as defined below), and Defendants Air1 Wireless Inc., Air1 Wireless Holdings, LLC (collectively, the "Air1 Wireless Defendants"), Nextel Retail Stores, LLC, and Sprint Communications Company, LP (collectively, the "Sprint Defendants")[1] as memorialized in the Settlement Agreement between the Parties (the "Settlement Agreement" memorializing the "Class Action Settlement").

On [DATE], 2015, this Court held a fairness hearing (the "Fairness Hearing"). Members of the Settlement Class had been given appropriate notice of the Fairness Hearing pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2) and were invited to appear, including those members with any objections to the Class Action Settlement. An opportunity to be heard was

---

[1] "Defendants" means the Air1 Wireless Defendants and the Sprint Defendants.

given to all persons requesting to be heard in any of the manner(s) prescribed in the Preliminary Approval Order. [No persons appeared in Court seeking to address the proposed Class Action Settlement]. Having considered the Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement, Plaintiff's Petition for Attorney's Fees, all other evidence submitted to the Court concerning the Class Action Settlement, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED THAT:**

1.     This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in Plaintiff's class action complaint, as amended (the "Litigation").

2.     Plaintiff alleges in the Litigation that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and committed common law torts of conversion, private nuisance, and trespass to chattels by transmitting unsolicited facsimile advertisements. As fully described in the Preliminary Approval Order and the Settlement Agreement, the Parties desire to settle the Litigation.

3.     The Class Action Settlement as memorialized in the Settlement Agreement was negotiated in good faith and at arm's length and is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation.

4.     This Court grants final approval of the Settlement Agreement, including but not limited to the releases therein, and finds that it is in all respects fair, reasonable, and in the best interests of the Settlement Class. Therefore, all members of the Settlement Class who have not

opted out (i.e. [identify members who opt out]) ("Settlement Class Members") are bound by this

Order Finally Approving Settlement (the "Final Approval Order").

**Class Certification**

5.      The following class(the "Settlement Class"), which was previously preliminarily

certified by the Court, is now finally certified pursuant to Rule 23 (a) and (b)(3):

> All persons with fax numbers who during the Class Period (April
> 24, 2010 through and including April 24, 2014), were sent faxes by
> or on behalf of the Air1 Wireless Defendants promoting the Sprint
> Defendants' or the Air1 Wireless Defendants' goods or services
> for sale and which did not contain an opt out notice as described in
> 47 U.S.C. § 227.

6.      The Court finds, for settlement purposes only, that (i) certification of the

Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are

questions of law and fact common to the class that predominate over any questions affecting

only individual class members, (iii) Plaintiff's claims are typical of the claims of the Settlement

Class, (iv) Plaintiff meets the requirements to represent the Settlement Class pursuant to Rule

23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Daniel

A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC meet the

requirements to be appointed class counsel pursuant to Rule 23(g), and (vi) a class action is the

superior method for the fair and efficient adjudication of this controversy.

7.      Pursuant to Rule 23(a)(4), the Court designates Plaintiff Able Home Health, LLC

as the class representative of the Settlement Class (the "Class Representative").

8.      Pursuant to Rule 23(g), the Court appoints the following lawyers as class counsel:

Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S.

Clark Street, Suite 1500, Chicago, Illinois 60603 (together, "Settlement Class Counsel").

**Class Notice**

9.      Notice of the Class Action Settlement was given to the Settlement Class in accordance with the plan provided for in the Settlement Agreement which fully complied with the requirements of Rule 23 (c)(2)(B) and (e)(1) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the Class Action Settlement.  In the Preliminary Approval Order, this Court approved the forms of actual notice and claim form sent to the Settlement Class pursuant to the terms of the Settlement Agreement.

10.      Defendants' Counsel provided notice of the Class Action Settlement to the Attorney General of the United States and the attorneys general of every State in which Settlement Class Members (as defined below) reside, including the information required by 28 U.S.C. § 1715(b).  The latest date on which such notice was provided was more than ninety (90) days prior to the entry of this Final Approval Order.

11.      A total of __ valid and timely claim forms were submitted by Settlement Class Members.

**Objections and Opt-Outs**

12.      [No objections were filed by Settlement Class Members].

13.      A total of __ persons or entities have validly requested exclusion from the Settlement Class.  The persons or entities that have validly requested exclusion and thereby opted out of the Class Action Settlement are: [identify members who opt out].  Dkt. Nos. __.

**Class Compensation**

14.      Pursuant to the terms of the Settlement Agreement, Defendants must collectively fund a total of $52,000 (the "Settlement Fund") as allocated in paragraph 5 of the Settlement Agreement.  The Air1 Wireless Defendants have advanced $3,000 for notice and administration

4

expenses.  The Net Settlement Fund shall be paid by no later than ten (10) business days after entry of this Final Approval Order.

### Releases

15.    Upon entry of this Final Approval Order, Plaintiff and each Settlement Class Member shall be deemed to have granted each of the releases set forth in the Settlement Agreement.  Those releases include any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff and Settlement Class Members now have, did have, or may have in the future against the Released Parties, as that term is defined in the Settlement Agreement, under any legal theory, arising from or in any way relating to the faxes sent during the Class Period by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227 (the "Released Claims").  The Released Claims include, but are not limited to, all claims that were asserted or could have been asserted in the Litigation, including TCPA claims, other federal claims and any state law claims.

16.    Settlement Class Counsel has waived, discharged and released the Released Parties, as defined in the Settlement Agreement, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Litigation.

17.    The Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the Released Claims.  Upon the Effective Date, as that date is defined in the Settlement Agreement, the Settlement Class shall be deemed to have waived the provisions and benefits of California Civil Code §1542 (or any like or similar statute or common law doctrine), which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in

5

his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or settlement with the debtor. Further, Plaintiff and the Settlement Class Members shall be deemed to have expressly waived any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

### Award of Attorneys' Fees, Costs and Incentive Award

18.    The Court has considered Settlement Class Counsel's Petition for Attorney's Fees.    The Court awards Settlement Class Counsel the sum of $_____ as an award of attorney's fees to be paid from the Settlement Fund, and finds that this amount of fees is fair and reasonable. [Settlement Class Counsel is also awarded reasonable costs incurred in providing notice to the Settlement Class and in administering the Settlement Fund. These costs have been sufficiently supported and shall be paid from the Settlement Fund.] Pursuant to the terms of the Preliminary Approval Order, Settlement Class Counsel shall not be reimbursed for any costs advanced to the Settlement Fund by the Air1 Wireless Defendants for notice and administration expenses. Payment of Settlement Class Counsel's attorney's fees and costs may be distributed from the Settlement Fund within fourteen (14) days after the Effective Date, as that date is defined in the Settlement Agreement.

19.    The Court grants Settlement Class Counsel's request for an incentive award to the Class Representative and accordingly awards $3,000 to Able Home Health, LLC. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This award may be distributed from the Settlement Fund within fourteen (14) days of the Effective Date, as that date is defined in the Settlement Agreement.

**<u>Other Provisions</u>**

20. The Parties to the Settlement Agreement shall each carry out their respective obligations thereunder.

21. Neither the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order and/or the Final Approval Order), negotiations, or proceedings relating in any way to the Class Action Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including any by Defendant, and shall not be offered or received into evidence in this Litigation, or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or as may be required by law or court order.

22. Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms, (b) the Settlement Agreement otherwise does not become effective for any reason, or (c) this Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then (i) Settlement Class Counsel or their agent shall return the Settlement Fund, less any reasonable costs not exceeding $3,000 that were incurred for notice and administration, to counsel of record for Defendants within three (3) business days of that event and (ii) the Settlement Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties thereto and shall not be used in any subsequent proceedings in this Litigation or in any manner whatsoever.  Until the Effective Date, no payments or distributions may be made from the Escrow Account other than for class notice and administration expenses, unless approved by this Court.

23.     In the Preliminary Approval Order, this Court ordered that KCC Class Action Services, LLC  ("Class Administrator") be the class administrator.  The Class Administrator shall make all claim payments to and issue and collect W-9 forms from Settlement Class Members pursuant to the terms of the Settlement Agreement.  Specifically, the Class Administrator shall issue W-9 forms to Settlement Class Members within fourteen (14) days after entry of this Final Approval Order and before any settlement checks are issued.  Settlement Class Members shall have thirty (30) days to respond to a request to complete a W-9 form.  Submission of a W-9 form is a condition precedent to receiving a settlement check in excess of $599.99.

24.     Within ninety (90) days following the Effective Date of the Settlement Agreement, as that date is defined in the Settlement Agreement, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund in accordance with the terms of the Settlement Agreement, unless W-9 forms need to be collected.  If W-9 forms need to be collected, then within thirty (30) days following the expiration of time for class members to complete a W-9 form, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims in accordance with the terms of the Settlement Agreement.  A Settlement Class Member who is entitled to receive more than $599.99 and fails to submit a completed and valid W-9 form shall be deemed to have waived their claim to recover more than $599.99 and the maximum amount such Settlement Class Member may recover is $599.99.

25.     Settlement checks to the Settlement Class Members will be void sixty (60) days from date of issuance.  Any Settlement Class Member who does not negotiate the settlement check issued to them within sixty (60) days of the date of issuance shall be deemed to have

rescinded and withdrawn their claim for monetary compensation under the Settlement Agreement, but shall remain a member of the Settlement Class and bound by the terms of the Settlement Agreement and this Final Approval Order.

26.     Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to the following *cy pres* recipient: [court to approve recipient].  Payment is due in accordance with the timing set forth in the Settlement Agreement.

27.     Settlement Class Counsel or the Class Administrator shall file an affidavit of final accounting of the Class Action Settlement by [DATE], 2015.

28.     Settlement Class Counsel shall submit a report on the final accounting of the Class Action Settlement by [DATE], 2015.  A hearing on the final accounting of the Class Action Settlement is set for [DATE], 2015, at [TIME].

29.     Pursuant to Fed. R. Civ. P. 54(b), there is no just reason for the delay of the entry of final judgment with respect to the foregoing, and the Court certifies this Order accordingly.

ENTER:

Dated: _____          _____

                                                            United States District Judge