**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABLE HOME HEALTH, LLC on behalf of plaintiff and the class members defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | 14 C 2942 |
| v. | ) ) ) | Judge Der-Yeghiayan |
| AIR1 WIRELESS, INC., AIR1 WIRELESS HOLDINGS, LLC, NEXTEL RETAIL STORES, LLC, doing business as SPRINT, SPRINT COMMUNICATIONS COMPANY, LP and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) | Magistrate Judge Cole |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Able Home Health, LLC ("Plaintiff") for Preliminary Approval of Class Action Settlement (the "Motion"), which seeks preliminary approval of a class settlement with Defendants Air1 Wireless, Inc., Air1 Wireless Holdings, LLC (collectively, the "Air1 Wireless Defendants"), Nextel Retail Stores, LLC, and Sprint Communications Company, LP (collectively, the "Sprint Defendants")[1] and of the proposed form and manner of notice to the class, came on for hearing on April 7, 2015.

Having considered the Motion, the signed Settlement Agreement between the Parties (the "Settlement Agreement") attached as <u>Appendix A</u> to the Motion, all other evidence submitted concerning the Motion, and being duly advised in the premises, this Court specifically finds that:

---

[1] "Defendants" means the Air1 Wireless Defendants and the Sprint Defendants.

(a) On April 24, 2014, Plaintiff filed its class action complaint, captioned <u>Able Home Health, LLC v. Air1 Wireless, Inc., et al.</u>, Case No. 14 C 2942, in the United States District Court for the Northern District of Illinois (the "Litigation"). Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and committed common law torts of conversion, private nuisance, and trespass to chattels by transmitting unsolicited facsimile advertisements that did not contain compliant opt out notices.

(b) The Defendants deny violating the TCPA and any other federal or state law and deny any liability to Plaintiff or any other person or entity. Defendants desire to settle the Litigation solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff or any other person or entity now have, did have, or may have in the future against any of the Defendants or any related person or entity, under any legal theory, including TCPA claims, other federal claims and any state law claims, arising from or in any way relating to the faxes sent on or after April 24, 2010 through and including April 24, 2014, by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227.

(c) The Air1 Wireless Defendants represented that, based on a review of their records, during the Class Period they successfully sent approximately 165 facsimiles promoting the Sprint Defendants' or Air1 Wireless Defendants' goods or services to approximately 155 unique facsimile numbers (the "Fax List"). Settlement Class Members were sent between 1 and 4 facsimile advertisements.

(d)     Plaintiff, individually and on behalf of a class, desires to settle its claims against Defendants, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of the substantial amount to be paid pursuant to the settlement negotiated by the Parties and the likelihood that further litigation will be protracted and expensive.

(e)     The settlement memorialized in the Settlement Agreement (the "Class Action Settlement") has been negotiated in good faith and at arm's length between the Parties and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the class as defined in the Settlement Agreement[2] (the "Settlement Class").

(f)     The plan for notice of the proposed Class Action Settlement as provided for in the Settlement Agreement fully complies with the requirements of Federal Rule of Civil Procedure ("Rule") 23 (c)(2)(B) and (e)(1) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the Class Action Settlement.

(g)     For settlement purposes only, this Court also finds that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiff's claims are typical of the claims of the Settlement Class, (iv) Plaintiff meets the requirements to represent the Settlement Class pursuant to Rule 23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC meet the requirements to be

---

[2] Any capitalized term(s) not otherwise defined in this Order Granting Motion for Preliminary Approval of Settlement are defined in accordance with the definitions in the Settlement Agreement.

appointed class counsel pursuant to Rule 23(g), (vi) a class action is the superior method for the fair and efficient adjudication of this controversy, and (vii) the members of the Settlement Class will receive the best notice of the Class Action Settlement practicable pursuant to Rule 23 (c)(2)(B) and (e)(1) if notice is provided in the manner described in the Settlement Agreement and as specifically ordered below.

**IT IS THEREFORE ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Class Action Settlement as memorialized in the Settlement Agreement has been negotiated in good faith and at arm's length and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation.

3. Solely for the purposes of settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3), the following Settlement Class is hereby preliminarily certified:

> All persons with fax numbers who during the Class Period (on or after April 24, 2010 through and including April 24, 2014), were sent faxes by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227.

4. The Settlement Class is preliminarily certified for no purpose other than to effectuate the Class Action Settlement as specifically memorialized in the Settlement Agreement. If the Settlement Agreement is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by this Court or any court of competent jurisdiction, then (a) this Order Granting Motion for Preliminary Approval of Settlement (the "Preliminary Approval Order") and

all preliminary and/or final findings herein or stipulations of the Parties regarding certification of the Settlement Class shall be automatically vacated upon notice to this Court of the Settlement Agreement's termination or disapproval; (b) the above-captioned litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither the Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendants shall be deemed to have reserved all procedural and/or substantive rights as of the date of execution of the Settlement Agreement.

5. Pursuant to Rule 23(a)(4), the Court preliminarily designates Plaintiff Able Home Health, LLC as the class representative of the Settlement Class (the "Class Representative").

6. Pursuant to Rule 23(g), the Court preliminarily appoints the following lawyers as class counsel: Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603 (together, "Settlement Class Counsel").

7. The class administrator shall be KCC Class Action Services, LLC, 75 Rowland Way, Suite 250, Novato, CA 94945 (the "Class Administrator").

8. By no later than ten (10) business days after entry of this Preliminary Approval Order, the Air1 Wireless Defendants shall advance $3,000 for notice and administration expenses to Settlement Class Counsel or the Class Administrator. Defendants shall be given a credit on the payment of the Settlement Fund in an amount equal to the amount advanced.

9. Settlement Class Counsel must seek approval from the Court to obtain any amount greater than $3,000 to pay notice and administration expenses. Any costs paid by the Air1 Wireless Defendants for notice and administrative expenses shall not be included in any request by Settlement

Class Counsel for reimbursement at final approval of the Class Action Settlement.

10. Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms; (b) the Settlement Agreement is not approved by this Court or otherwise does not become effective; or (c) any order of this Court finally approving the Class Action Settlement is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then Settlement Class Counsel or the Class Administrator shall return all funds, less costs not exceeding $3,000 actually incurred for notice and administration, to counsel of record for Defendants as allocated in paragraph 5 of the Settlement Agreement within three (3) business days of that event. Until the Effective Date, no payments or distributions may be made from the Settlement Fund other than for class notice and administration expenditures, unless approved by this Court.

11. Within five (5) days after entry of this Order, the Air1 Wireless Defendants' counsel shall provide to Settlement Class Counsel and/or the Class Administrator the Fax List, which includes a list of the facsimile numbers to which transmissions were sent, and the number of transmissions sent to each fax number, and any ascertainable addresses of the Settlement Class Members in MS Word or Excel format. The Fax List shall be used for purposes consistent with notice and administration of the Class Action Settlement and for no other purpose.

12. As specifically set forth in the Settlement Agreement, the notice to the Settlement Class shall give notice of the Settlement Agreement, its terms, the right to request exclusion, the right to object to the Class Action Settlement and the right to submit a claim. The Settlement Agreement's plan for notice is the best class notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. That notice plan is hereby approved and adopted.

13. The form of notice that the Class Administrator shall provide is attached to the Settlement Agreement as Exhibit 1 (the "Notice"), and a Claim Form in the form of Exhibit 2 that the Class Administrator shall provide to all Class Members. Settlement Class Counsel is ordered to cause the Class Administrator to send the Notice and Claim Form to each member of the Settlement Class in the manner specified in the Settlement Agreement, with the initial Notice to be sent by no later than thirty-five (35) days after entry of this Preliminary Approval Order. Settlement Class Counsel shall also post the Notice and a copy of the Settlement Agreement (excluding exhibits), on www.edcombs.com. Within twenty-one (21) days after the date that the Notice was first sent by facsimile, the Class Administrator shall send the Notice and Claim Form either by facsimile and/or U.S. Mail (if addresses are ascertainable) to each Settlement Class Member identified on the Fax List who did not submit a Claim Form or otherwise respond to the Notice by that date.

14. To effectuate the Class Action Settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Forms:

(a) Claim Forms shall be returned by members of the Settlement Class to Settlement Class Counsel or the Class Administrator online, by fax, or by mail postmarked on or before July 13, 2015. Members of the Settlement Class shall have at least sixty (60) days after the first date on which Notice is sent to submit claims. Claims not submitted by this date shall be barred.

(b) Objections of any member(s) of the Settlement Class, all briefs and/or other materials filed by any member(s) of the Settlement Class in support of objections, and/or any

appearance of an attorney on behalf of any member(s) of the Settlement Class may be filed in this Court and served by mail postmarked to Settlement Class Counsel and counsel for each Defendant on or before July 13, 2015. Each objection must include: (i) the name, address, and facsimile phone number of the person(s) or entity objecting to the Settlement Agreement; (ii) a statement of the objection to the Settlement Agreement; (iii) an explanation of the legal and factual basis for the objection; and (iv) documentation, if any, to support the objection. Members of the Settlement Class shall have at least sixty (60) days after the first date on which Notice is sent to submit any objections to the Settlement.

(c) A request by any member of the Settlement Class for exclusion from the Class Action Settlement must be in writing and state the name, address, and facsimile phone number (to which a facsimile was sent during the Class Period) of the person(s) or entity seeking exclusion. Each request for exclusion must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." The request must be mailed or faxed to Settlement Class Counsel or the Class Administrator at the address or facsimile number provided in the Notice and postmarked or received by Settlement Class Counsel or the Class Administrator on or before July 13, 2015. Settlement Class Counsel shall provide copies of all requests for exclusion to counsel for the Defendants. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Settlement Class Counsel or the Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a member of the Settlement Class and shall be bound by the terms of the Settlement Agreement, if

finally approved by the Court. Members of the Settlement Class shall have at least sixty (60) days after the first date on which Notice is sent to submit requests for exclusion.

15. By August 7, 2015, Settlement Class Counsel shall file with the Court a list of the individual members of the Settlement Class requesting exclusion from the Settlement Class.

16. Defendants shall have the right, but not the obligation, to terminate the Settlement Agreement if more than 40 members of the Settlement Class submit non-duplicative, timely and valid requests for exclusion from the Settlement Class. Defendants must timely exercise their right to terminate the Settlement Agreement by filing a Notice of Termination with the Clerk of the Court within 7 days prior to the entry of any order of this Court granting final approval of the Class Action Settlement.

17. Settlement Class Counsel or the Class Administrator shall file an affidavit regarding completion of notice to the Settlement class by June 18, 2015.

18. Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), by no later than April 30, 2015. No order finally approving the Class Action Settlement memorialized in the Settlement Agreement shall be entered until the expiration of at least ninety (90) days from the latest date on which such notice is provided.

19. Any responses to objections filed by members of the Settlement Class shall be filed with the Court by no later than August 7, 2015. There shall be no replies from objectors.

20. The final hearing to determine whether the Class Action Settlement memorialized in

the Settlement Agreement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on August 18, 2015 at 9:30 a.m.

21. Settlement Class Counsel shall file a memorandum in support of final approval of the Class Action Settlement memorialized in the Settlement Agreement on August 7, 2015. Settlement Class Counsel shall file a petition for attorney's fees on June 11, 2015.

22. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

23. Defendants or persons acting on their behalf shall within three (3) business days prior to the date of the Final Approval Hearing and pursuant to the terms set forth in paragraph 5 (c) of the Settlement Agreement, transfer to their respective counsel, to be held in their firms' client trust accounts for the benefit of the Settlement Class, the Settlement Fund of $52,000.00 (less any amounts advanced for notice and administrative expenses). Defendants' counsel shall notify Settlement Class Counsel in writing on or before the date of the Final Approval Hearing that the Settlement Fund (less any costs advanced) has been deposited in the Client Trust Accounts of Defendants' Counsel.

ENTER:

Dated: April 7, 2015

SAMUEL DER-YEGHIAYAN
United States District Judge