**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABLE HOME HEALTH, LLC ) | | |
| on behalf of plaintiff and ) | | |
| the class members defined herein, ) | | |
| ) | | |
| Plaintiff, ) | 14 C 2942 | |
| ) | | |
| v. ) | | |
| ) | Judge Der-Yeghiayan | |
| AIR1 WIRELESS, INC., ) | Magistrate Judge Cole | |
| AIR1 WIRELESS HOLDINGS, LLC, ) | | |
| NEXTEL RETAIL STORES, LLC, doing ) | | |
| business as SPRINT, SPRINT ) | | |
| COMMUNICATIONS COMPANY, LP and ) | | |
| JOHN DOES 1-10, ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER FINALLY APPROVING SETTLEMENT**

On April 7, 2015, this Court entered an order preliminarily approving the class action settlement (the "Preliminary Approval Order," Dkt. No. 63) between Plaintiff Able Home Health, LLC on its own behalf and on behalf of the Settlement Class (as defined below), and Defendants Air1 Wireless Inc., Air1 Wireless Holdings, LLC (collectively, the "Air1 Wireless Defendants"), Nextel Retail Stores, LLC, and Sprint Communications Company, LP (collectively, the "Sprint Defendants")[1] as memorialized in the Settlement Agreement and Supplement to the Settlement Agreement between the Parties (the "Settlement Agreement" memorializing the "Class Action Settlement").

---

[1] "Defendants" means the Air1 Wireless Defendants and the Sprint Defendants.

1

On August 18, 2015, this Court held a fairness hearing (the "Fairness Hearing"). Members of the Settlement Class had been given appropriate notice of the Fairness Hearing pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2) and were invited to appear, including those members with any objections to the Class Action Settlement. An opportunity to be heard was given to all persons requesting to be heard in any of the manner(s) prescribed in the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed Class Action Settlement. Having considered the Settlement Agreement, the Supplement to the Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement, Plaintiff's Petition for Attorney's Fees, all other evidence submitted to the Court concerning the Class Action Settlement, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in Plaintiff's class action complaint, as amended (the "Litigation").

2. Plaintiff alleges in the Litigation that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and committed common law torts of conversion, private nuisance, and trespass to chattels by transmitting unsolicited facsimile advertisements. As fully described in the Preliminary Approval Order and the Settlement Agreement, the Parties desire to settle the Litigation.

3. The Class Action Settlement as memorialized in the Settlement Agreement and Supplement to the Settlement Agreement, was negotiated in good faith and at arm's length and is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation.

4.	This Court grants final approval of the Settlement Agreement and the Supplement to the Settlement Agreement, including but not limited to the releases therein, and finds that it is in all respects fair, reasonable, and in the best interests of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out ("Settlement Class Members") are bound by this Order Finally Approving Settlement (the "Final Approval Order").

## Class Certification

5.	The following class (the "Settlement Class"), which was previously preliminarily certified by the Court, is now finally certified pursuant to Rule 23 (a) and (b)(3):

> All persons with fax numbers who during the Class Period (April 24, 2010 through and including April 24, 2014), were sent faxes by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227.

6.	The Court finds, for settlement purposes only, that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiff's claims are typical of the claims of the Settlement Class, (iv) Plaintiff meets the requirements to represent the Settlement Class pursuant to Rule 23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC meet the requirements to be appointed class counsel pursuant to Rule 23(g), and (vi) a class action is the superior method for the fair and efficient adjudication of this controversy.

7.	Pursuant to Rule 23(a)(4), the Court designates Plaintiff Able Home Health, LLC as the class representative of the Settlement Class (the "Class Representative").

8. Pursuant to Rule 23(g), the Court appoints the following lawyers as class counsel: Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603 (together, "Settlement Class Counsel").

### Class Notice

9. Notice of the Class Action Settlement was given to the Settlement Class in accordance with the plan provided for in the Settlement Agreement which fully complied with the requirements of Rule 23 (c)(2)(B) and (e)(1) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the Class Action Settlement. In the Preliminary Approval Order, this Court approved the forms of actual notice and claim form sent to the Settlement Class pursuant to the terms of the Settlement Agreement.

10. Defendants' Counsel provided notice of the Class Action Settlement to the Attorney General of the United States and the attorneys general of every State in which Settlement Class Members (as defined below) reside, including the information required by 28 U.S.C. § 1715(b). The latest date on which such notice was provided was more than ninety (90) days prior to the entry of this Final Approval Order.

11. A total of 13 valid and timely claim forms representing 15 fax transmissions were submitted by Settlement Class Members.

### Objections and Opt-Outs

12. No objections were filed by Settlement Class Members.

13. No persons or entities have validly requested exclusion from the Settlement Class.

**Class Compensation**

14. Pursuant to the terms of the Settlement Agreement and Supplement to the Settlement Agreement, Defendants must collectively fund a total of $56,500 (the "Settlement Fund") as allocated in paragraph 5 of the Supplement to the Settlement Agreement. The Air1 Wireless Defendants have advanced $3,000 for notice and administration expenses. On the Effective Date, Defendants' Counsel shall issue a check or wire the Settlement Fund to the Client Trust Account of Settlement Class Counsel and Settlement Class Counsel agrees to hold such funds in trust for the benefit of the Settlement Class.

**Releases**

15. Upon entry of this Final Approval Order, Plaintiff and each Settlement Class Member shall be deemed to have granted each of the releases set forth in the Settlement Agreement. Those releases include any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff and Settlement Class Members now have, did have, or may have in the future against the Released Parties, as that term is defined in the Settlement Agreement, under any legal theory, arising from or in any way relating to the faxes sent during the Class Period by or on behalf of the Air1 Wireless Defendants promoting the Sprint Defendants' or the Air1 Wireless Defendants' goods or services for sale and which did not contain an opt out notice as described in 47 U.S.C. § 227 (the "Released Claims"). The Released Claims include, but are not limited to, all claims that were asserted or could have been asserted in the Litigation, including TCPA claims, other federal claims and any state law claims.

16. Settlement Class Counsel has waived, discharged and released the Released Parties, as defined in the Settlement Agreement, of and from any and all claims for attorney's fees, by lien

or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Litigation.

17. The Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the Released Claims. Upon the Effective Date, as that date is defined in the Settlement Agreement, the Settlement Class shall be deemed to have waived the provisions and benefits of California Civil Code §1542 (or any like or similar statute or common law doctrine), which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or settlement with the debtor. Further, Plaintiff and the Settlement Class Members shall be deemed to have expressly waived any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

### Award of Attorneys' Fees, Costs and Incentive Award

18. The Court has considered Settlement Class Counsel's Petition for Attorney's Fees. The Court awards Settlement Class Counsel the sum of $16,333.33 as an award of attorney's fees to be paid from the Settlement Fund, and finds that this amount of fees is fair and reasonable. Pursuant to the terms of the Preliminary Approval Order, Settlement Class Counsel shall not be reimbursed for any costs advanced to the Settlement Fund by the Air1 Wireless Defendants for notice and administration expenses. Payment of Settlement Class Counsel's attorney's fees and costs may be distributed from the Settlement Fund within fourteen (14) days after the Effective Date, as that date is defined in the Settlement Agreement.

19. The Court grants Settlement Class Counsel's request for an incentive award to the Class Representative and accordingly awards $3,000 to Able Home Health, LLC. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This award may be distributed from the Settlement Fund within fourteen (14) days of the Effective Date, as that date is defined in the Settlement Agreement.

## Other Provisions

20. The Parties to the Settlement Agreement shall each carry out their respective obligations thereunder.

21. Neither the Settlement Agreement, the Supplement to the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order and/or the Final Approval Order), negotiations, or proceedings relating in any way to the Class Action Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including any by Defendant, and shall not be offered or received into evidence in this Litigation, or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or as may be required by law or court order.

22. Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms, (b) the Settlement Agreement otherwise does not become effective for any reason, or (c) this Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then (i) Settlement Class Counsel or their agent shall return the Settlement Fund, less any

reasonable costs not exceeding $3,000 that were incurred for notice and administration, to counsel of record for Defendants within three (3) business days of that event and (ii) the Settlement Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties thereto and shall not be used in any subsequent proceedings in this Litigation or in any manner whatsoever. Until the Effective Date, no payments or distributions may be made from the Settlement Fund other than for class notice and administration expenses, unless approved by this Court.

23. In the Preliminary Approval Order, this Court ordered that KCC Class Action Services, LLC ("Class Administrator") be the class administrator. The Class Administrator shall make all claim payments to and issue and collect W-9 forms from Settlement Class Members pursuant to the terms of the Settlement Agreement. Specifically, the Class Administrator shall issue W-9 forms to Settlement Class Members within fourteen (14) days after entry of this Final Approval Order and before any settlement checks are issued. Settlement Class Members shall have thirty (30) days to respond to a request to complete a W-9 form. Submission of a W-9 form is a condition precedent to receiving a settlement check in excess of $599.99.

24. Within ninety (90) days following the Effective Date of the Settlement Agreement, as that date is defined in the Settlement Agreement, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund in accordance with the terms of the Settlement Agreement, unless W-9 forms need to be collected. If W-9 forms need to be collected, then within thirty (30) days following the expiration of time for class members to complete a W-9 form, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims in accordance with the terms of the Settlement Agreement. A Settlement Class Member who is entitled to receive more than $599.99

and fails to submit a completed and valid W-9 form shall be deemed to have waived their claim to recover more than $599.99 and the maximum amount such Settlement Class Member may recover is $599.99.

25. Settlement checks to the Settlement Class Members will be void sixty (60) days from date of issuance. Any Settlement Class Member who does not negotiate the settlement check issued to them within sixty (60) days of the date of issuance shall be deemed to have rescinded and withdrawn their claim for monetary compensation under the Settlement Agreement, but shall remain a member of the Settlement Class and bound by the terms of the Settlement Agreement and this Final Approval Order.

26. Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to the following *cy pres* recipient the Family Defense Center. Payment is due in accordance with the timing set forth in the Settlement Agreement.

27. Settlement Class Counsel or the Class Administrator shall file an affidavit of final accounting of the Class Action Settlement by February 10, 2016.

28. Settlement Class Counsel shall submit a report on the final accounting of the Class Action Settlement by February 13, 2016.

29. Pursuant to Fed. R. Civ. P. 54(b), there is no just reason for the delay of the entry of final judgment with respect to the foregoing, and the Court certifies this Order accordingly.

ENTER:

Dated: September 15, 2015

SAMUEL DER-YEGHIAYAN

9

                                                United States District Judge